## Boon *v.* Orr.

In an action of trespass before a justice of the peace, a petition was filed, and during the trial was mislaid, but was subsequently found, and on appeal to the district court was sent up with the transcript ; held that the petition need not be copied into the docket, and that as the *petition* and docket together, showed a cause of action, the case should not be dismissed.

Rails, laid into a fence, are a part of the freehold, and belong to the owner of the soil.

*Appeal from Keokuk District Court.*

*Opinion by* HALL, J. Orr commenced this suit before a justice of the peace of Keokuk county. This cause of action is stated in the transcript as trespass and damages. There appears to have been a regular petition filed by the plaintiff, which was mislaid during the trial. There was a judgment for the plaintiff before the justice, and an appeal taken by defendant to the district court, where a rule was made upon the justice to send up the petition. This rule is answered by the justice, by sending up the original petition, stating that it had been on the trial, but accidently put up with some papers of the plaintiff and carried off.

On the trial in the district court, in the place of issues, eight interrogatories were propounded to the jury, as follows :

" 1. Did the defendant take rails, as charged, off from the land described ? "

" 2. Was the plaintiff in possession of the premises described in the petition, at the time the rails were taken ? "

" 3. Was the agreement between Huston and Boone, that Boone should enter the said land upon equal shares— Huston to have his choice of shares.

4. At the time the rails were taken off, had Huston notified Boone that he would take the land described as his.

5. At the time the rails were taken, had Orr any written contract with Boon for the land?

6. At the time the rails were taken, had Boon the legal title to the land?

7. What was the value of the rails taken by Boon?

8. What damages did plaintiff sustain by reason of Boon's taking the rails, in addition to the value of the rails?

The jury returned an affirmative answer to all the interrogations, except the 4th and 5th, and assessed fifteen dollars or the value of the rails, and five dollars damages; upon which judgment was rendered for plaintiff.

There are several errors assigned against this record, all of which are embraced in two points. 1. It is objected that the justice's docket does not chow a cause of action against the defendant. 2. That the court below erred in rendering a judgment for the plaintiff below, upon this verdict.

The justice's docket is certainly up to the ordinary standard of those official documents, and the petition having been found, removes the otherwise plausable causes for complaint. The law does not require a justice to copy the petition into his docket, where it is filed in writing. If the petition, with the docket, shows a cause of action, the law is satisfied.

The finding of the jury, under the interrogatories propounded by the court, ascertains that Boon, the defendant below, held and owned the title to the land on which the alleged trespass was committed. That Orr, the plaintiff below, was in possession of a close upon the land, and that the defendant below, entered the close and carried off the rails, thereby exposing the crop growing within the enclosure to damage. That the value of the rails taken, was *fifteen dollars*, and the damage, aside from taking the rails, was *five dollars*. The court rendered a judgment upon this special finding for twenty dollars and cost of suit.

The doctrine is well settled, that rails laid into a fence

upon land are a part of the freehold, and the property of the owner of the soil. *Burleson* v. *Teeple et al*, 2, G. Greene, 542; [a] *Seymore* v. *Watson*, 5 Black., 555; *Blair* v. *Worley*, 1 Scam., 173; *Goodrich* v. *Jones*, 2 Hill 142.

The judgment of the court below makes Boon pay Orr for his own property, and in which Orr had no title, except mere occupancy, and also for the damage done to the possession. From the verdict, Orr had no interest except naked possession, against which a trespass could be committed; he had no right to damages for an injury to anything else. The rails and their value were proved by the jury to belong to Boon. It was clearly error in the court below to give judgment for the plaintiff, on that verdict, for more than five dollars.

The judgment of the district court will therefore be reversed, and judgment rendered in this court for five dollars. The cost of this court to be taxed against the appellee.

Judgment reversed.

*Templin* and *Casey*, for appellant.

[a] *Smith* v. *Carroll*, *ante* 146.