SEYMOUR
v.
WATSON.

Saturday,
May 29.

*C. C. Nave,* for the plaintiff.
*W. Quarles,* for the defendant.

5b 555
145 571

SEYMOUR *v.* WATSON.

A person made a rail-fence by mistake on *United States'* land, which land was afterwards sold by the *United States* to a third person. *Held,* that the fence passed with the soil to the purchaser.

ERROR to the *Tippecanoe* Circuit Court.

Dewey, J.—Trespass *quare clausum fregit*. Plea, not guilty. Verdict and judgment below for the plaintiff.

It appeared in evidence, that the plaintiff and defendant were the proprietors of adjoining fields; that the defendant purchased his land of the *United States*, and before his lines had been run, and while the plaintiff's land was vacant, enclosed his field with a rail-fence made with his own rails, and that in doing so, he placed a part of the fence on the land of the *United States*, which the plaintiff afterwards purchased; and that the defendant moved the fence from the land of the plaintiff to his own land. This is the trespass complained of. The Court instructed the jury that, under the circumstances above stated, the rails removed by the defendant were the property of the plaintiff, although the former had placed the fence on the land of the latter by mistake. Whether this instruction be correct or not, is the only question presented by the record.

We think the law was correctly given to the jury. It is a general principle, that all permanent buildings follow the tenure of the soil on which they are erected. The fence which encloses a field is within this doctrine. It is necessary for the use and occupation of the ground, and cannot be removed without injury to the freehold; on alienation, it passes with the soil. 2 Kent's Comm. 342.—3 Bac. Abr. 63.— *Hutchinson* v. *Mains*, 1 *Alcock* and *Napier*, 155, cited in 2 Harr. Dig. 1163. That the defendant placed the fence in question on the land of another by mistake, does not alter the matter; it was no less a part of the freehold for that reason. Being the property of the *United States* in consequence of its annexation to the soil, it passed to the plaintiff by virtue of his purchase of the land on which it stood.

*Per Curiam.*—The judgment is affirmed with costs.

*A. S. White* and *R. A. Lockwood*, for the plaintiff.

*J. Pettit*, for the defendant.