## Smith *v.* Carroll.

Rails, laid up in a fence inclosing a field, or a portion of a field, are a part of the freehold, although the fence is·not staked with stakes sunk into the ground.

### *Appeal from Jackson District Court.*

*Opinion by* Greene, J. This was an action of trespass, commenced by John G. Smith against John Carroll, for tearing down a fence, and hauling away the rails. Verdict and judgment for the defendant. The only error assigned in the case, is in relation to the instructions given by the court to the jury. The court charged as follows : " That if they believe, from the testimony, that the fence in question was not staked with stakes sunk or fastened into the ground, it was not a part of the freehold, so as to enable the plaintiff to sustain an action of trespass, and they must find for the defendant."

In this charge to the jury, the court seemed determined to adhere, without exception or reservation, to the old maxim : " *Quicquid plantatum solo, solo cedit.*" Whatever is *affixed* to the soil, belongs to the soil. Under this maxim, a general rule has been observed from remotest antiquity, that a chattel does not lose its personal nature, unless fixed in or to the ground, or some foundation which in itself forms part of the freehold. But even this rule, old and universal as it is, admits of some qualifications. The strictness of the rule has not only been materially relaxed between landlord and tenant, between heir and executor, but it has also been modified, to some extent at least, in its application to peculiar cases, circumstances, and customs.

It is often difficult to decide what articles are so annexed to the soil as to pass with the freehold. In such cases, the best test appears to be, whether the removal can be effected

without substantial injury to the freehold. *Avery* v. *Chislyn*, 3 Ad. and E., 75.

No one will doubt that a farm inclosed, is more valuable than the land would be without a close. To remove a fence from a freehold, to destroy the close, must be a substantial injury ; and therefore a fence which forms a close, or any part of an inclosed place on the premises, should be regarded as a part of the freehold. It makes no difference how the fence is constructed, or of what material. If of rails, it may or may not have stakes sunk or fastened into the ground. The only question to be decided is : Are the rails so laid or arranged as to constitute a fence?

Under the ruling of the court below, a very large portion, and perhaps the greater portion of the fences in this state, would be rejected from the freehold. The consequences would be serious, and often result in great wrong and injustice.

In *Burleson* v. *Teeple*, 2 G. Greene, 542, this court decided that a rail fence built upon the public land by mistake, passed with the freehold to the purchaser from the government, although the rails had been detached from the soil by a wrong doer. The same doctrine was held in *Seymour* v. *Watson*, 5 Blackf., 555. In this case, the general principle is recognized, that *a fence*, which incloses a field, is necessary for the use and occupation of the ground, and cannot be removed without injury to the freehold. 2 Kent's Com., 342 ; 2 Bacon's Ab., 63.

The quality of the fence, or manner in which it is constructed, cannot change the principle. If it is a fence inclosing a field, it becomes a part of the freehold. It has been held, and we think with good reason, that the fencing materials on a farm, which had been used as part of a close, but temporarily detached, were a part of the freehold, and passed with the farm to the purchaser. *Goodrich* v. *Jones*, 2 Hill, 142.

We conclude, then, that although the instruction given

in this  case may have  been justified by a strict, technical,
and unqualified construction of the maxim to which we have
referred,  still,  it is not consistent with  the reason and lead-
ing object of that maxim ;  it is not in accordance with  the
rights and justice of this case, and is in direct conflict with
the authorities in point, and with the condition and customs
of the country.

Judgment reversed.

*P. Smith,* and *D. T. Spurr,* for appellant.

*F. Bangs,* for appellee.