May Term, 1861.

ENGLER
v.
COLLINS.

*Per Curiam.*—The judgment is reversed, with costs.

*H. P. Biddle* and *R. G. Shryock,* for the appellant.

*D. D. Pratt,* for the appellee.

---

ENGLER and Another *v.* COLLINS.

A plea of usury must specify the particulars of the contract upon which the usurious interest is alleged to have been taken or reserved.

APPEAL from the *Shelby* Common Pleas.

*Friday,*
*May 31.*

DAVISON, J.—*Collins,* who was the plaintiff, sued *David Engler* and *Jacob Rush,* upon a promissory note for the payment of $210. Defendants' answer contains four paragraphs. The first, second, and fourth led to issues of fact; to the third there was a demurrer sustained.

The action of the Court in sustaining the demurrer raises the only question in the case.

The third paragraph alleges that "the note, when it was given, contained the sum of $50, illegal and usurious interest, which the plaintiff took and received from the defendants on said note; wherefore they demand judgment for $50, for said illegal interest, and other relief," &c. This defense is fatally defective, because it is couched in general language; not specifying the particulars of the contract upon which the usurious interest was included in the note. 1 Van Santvoord's Pl. 468–469; *Fay* v. *Gumsteed,* 10 Barbour, 321. The demurrer was therefore well taken.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*M. M. Ray* and *T. McFarland,* for the appellants.

*J. Harrison,* for the appellee.