*H. W. Harrington*, for the appellant.

*C. E. Walker* and *G. W. Richardson*, for the appellee.

---

THE STATE *ex rel.*, &c. *v.* BONHAM and Others.

Where it appears from the whole record, that the merits of the cause were fairly heard and determined below, this Court will not reverse the judgment on account of errors in rulings on demurrers.

If the owners of fixtures may rightfully remove them from the realty to which they are annexed, whilst it is in the rightful occupancy of another, such fixtures are personal property, and, as such, may be taken and sold on execution.

APPEAL from the *Ripley* Common Pleas.

PERKINS, J.—The record in this cause makes the following case:

*Jacob R. Dorsh* was the owner of a tract of land. On that tract of land *William Risinger* erected, and operated a steam saw mill. Upon what terms he was permitted to put up the saw mill, does not appear; nor is it shown for how long a

The State ex rel., &c. *v.* Bonham and Others.

time he was to be permitted to use it upon the land, nor what were to be his rights at the expiration of the time. But the complaint avers that the mill and machinery were the property of *Risinger*, and that fact may, therefore, be taken as admitted by *Dorsh* and *Risinger*. A joint judgment for some 600 dollars was obtained in the *Ripley* Common Pleas, against said *Dorsh* and *Risinger*. An execution on the judgment was placed in the hands of *Bonham*, the sheriff of *Ripley* county, and he called on *Risinger* for the money, or for property, upon it. *Risinger* turned out the engine and machinery of the saw-mill; the sheriff took a delivery-bond for the property from *Risinger*, advertised it for sale as personal property, that is, by posting up notices in three of the most public places in the township, and, on the day appointed therefor, sold it, *Risinger* being present, to one *Alexis Volz*, who afterwards made some arrangement, but what is not shown, by which the property was suffered to remain undisturbed in the mill.

We state, as one of the facts, that the property was advertised in three of the most public places in the township because the jury so found.

This suit was brought upon the joint relation of *Dorsh* and *Risinger*, against the sheriff and his sureties on the sheriff's bond, and two breaches were assigned.

1. That the sheriff had sold real estate without advertising in a newspaper which was published in the county.

2. That he had sold personal property without posting notices in three of the most public places in the township.

This second breach did not exist, as we have seen above, and we shall only, therefore, in what we may say, address ourselves to the first. But before doing so, we will notice a point of practice.

The defendant demurred to the complaint, the demurrer was sustained; the plaintiff excepted, and then amended his

The State ex rel., &c. *v.* Bonham and Others.

complaint, by re-stating, with more fullness, the same cause of action. On the amended complaint, issues of fact were found, and the merits of the cause fairly tried. This being so, we can not, for that cause, reverse the judgment, even if the Court erred in its ruling on the demurrer. A case is made falling within the spirit of the section of the statute quoted in *Crake et. al.* v. *Crake,* at the present term; and also of the statute of jeofails.

Proceeding now to the question whether the engine and mill fixtures were real or personal property, it may be asserted that if *Risinger* would have been entitled to remove these fixtures from the premises of *Dorsh,* during the term of his right of occupancy of the premises, they would, as between *Dorsh* and *Risinger,* be personal property; and if personal property as between them, they might be liable to be taken on execution against *Risinger,* the owner of them, though the execution was a joint one against *Risinger* and others. *Taffe* v. *Warnick,* 3 Blackf. 111. See *Frederick* v. *Devol,* 15 Ind. 357, and note, where authorities on fixtures are collected. That *Resinger* would have had the right to remove the engine, &c., we have no doubt. *Van Ness* v. *Pacard,* 2 Pet. (U. S.) Rep. 137; Amos and Ferard on Fixtures, 2 Am. ed. Top. p. 46, note 1, where the cases are collected. See, also, *McCracken* v. *Hall,* 7 Ind. 30.

*Per Curiam.*—The judgment below was for the defendants, and it must be affirmed, with costs.

*E. P. Ferris,* for the appellant.
*O. B. Torbett,* for the appellees.