*F. T. Hord.* for appellant.

----------◦----------

## BOWEN and Others *v.* WOOD.

PLEADING.—*Parties.*—In a complaint to foreclose a mortgage, it is sufficient, in order to show that a person made a defendant is a proper party, to allege that he has, or claims to have, a lien on the mortgaged premises.

SAME.—*Usury.*—Usurious interest paid at a time when the interest law of 1865 was in force cannot be recovered back or constitute a defense in a suit for the principal.

SAME.—*Mortgage.*—A mortgage contained the following description of the property: "The following real estate in Carroll county, in the State of Indiana, to wit: lots 8, 13, and 14, in block 17, and lot 5 in block 18, together with all the privileges and appurtenances unto the same belonging, as also all the stock, implements, machinery and apparatus in and about the paper mill upon said premises situate." In a complaint to foreclose the mortgage, it was alleged that by this description it was understood and intended by the parties that the mortgage should,

and did, embrace certain property, more particularly described in the complaint, by location, section, township, and range, and that the mortgagor never owned any other lots in said county or elsewhere on which was a paper mill. B., who held a subsequent mortgage on the same property, was made a party, and answered that at the time he received his mortgage, he examined the records, and saw a record of the plaintiff's mortgage, and believing that the same did not embrace the property mortgaged to himself, he received his mortgage. *Held,* that the answer of B. was bad.

*Held,* also, that the property was sufficiently described to identify it.

MORTGAGE.—*Fixtures.*—Machinery put in a mill after the execution of a mortgage, to supply the place of old and worn out articles, becomes a part of the realty, and is subject to the lien of the mortgage.

ATTORNEY.—An attorney cannot appear for a party who has not retained him.

APPEAL from the Carroll Common Pleas.

DOWNEY, C. J.—Suit by the appellee to foreclose a mortgage executed to him by Dewey and wife and Griffith and wife. Bowen was made a defendant as a subsequent incumbrancer. The plaintiff's mortgage was executed on the 3d day of October, 1865, and was recorded on the 28th day of that month. It describes the mortgaged premises as follows:

"The following real estate, in Carroll county, in the State of Indiana, to wit: Lots 8, 13, and 14, in block 17, and lot 5 in block 18, together with all the privileges and appurtenances unto the same belonging, as also all the stock, implements, machinery, and apparatus in and about the paper mill upon said premises situate."

It is alleged in the complaint, that by this description it was understood and intended by the parties to the mortgage that the same should, and did, embrace lots 8, 13, and 14, in block 17, and lot 5 in block 18, of lands on the west side of the Wabash and Erie Canal, in the south-east quarter of section 30, in township 25, north of range 2 west, in said county and State, and which had theretofore been conveyed by the trustees of the Wabash and Erie Canal to Messrs. Spears and Case; and also all the stock, implements, machinery, and apparatus in and about the paper mill upon said premises, which had been known as the "Robertson and Wood paper mill," and was then known as the "Dewey and Griffith paper mill;" that the said Dewey and Griffith were not, at the

date of said mortgage, or at any other time, the owners or in possession of any other property in said county or elsewhere, upon which there was a paper mill; that said note and mortgage were given for a balance of unpaid purchase-money of the premises mortgaged; that Bowen had, or claimed to have, a lien upon said premises; and that he had notice of the facts alleged, and of the understanding and intention of the parties to the mortgage; and that his lien, if any, was junior to that of the appellee.

Copies of the note and mortgage are filed with the complaint. The complaint consisted of three paragraphs, to the third of which a demurrer was sustained; and to the first and second demurrers were filed and overruled.

The first error assigned relates to the sufficiency of the first and second paragraphs of the complaint. The only objection to these paragraphs urged by counsel for the appellants is, that they do not show sufficient reason for making Bowen a defendant to the action. We think there is sufficient reason shown for making him a party. See *Martin* v. *Noble*, 29 Ind. 216.

After the demurrers were overruled, Griffith was defaulted. Dewey answered, first, a general denial; second, payment; third, usury, in this form:

" That as to the sum of five hundred dollars, part and parcel of said note, they paid unto the plaintiff said sum as interest upon said note, over and above the legal rate of interest."

Fourth, that as to certain machinery, apparatus, and fixtures in and about said paper mill, viz.: two turbine water wheels, four pieces of shafting, two trunnions, one boiler, one marking cylinder, one forming vat, one brick lime house, one frame bleach house, one frame boiler house, one pump in engine room, two bed plates, two pumps in machine room, and two hundred feet of piping, the same were not owned by the mortgagors at the time of the execution of the mortgage, and were not then on the premises, but have been placed there since by the mortgagors.

The fifth paragraph was withdrawn.

Bowen and Others *v.* Wood.

Bowen answered, first, general denial; second, payment by the mortgagors; third, that as to the sum of five hundred dollars, part of said note, the same was paid to plaintiff by Dewey and Griffith as interest, over and above the legal rate of interest; that he had a mortgage on the premises which was due and unpaid; that his co-defendants were insolvent; and that the property mortgaged was insufficient to satisfy both his and the plaintiff's demand; fourth, that on the 10th day of May, 1869, all his co-defendants executed to him a mortgage upon the premises mortgaged to the plaintiff, for the sum of five thousand dollars, which was recorded May 20th, 1869; that at the time he received his mortgage, he examined the records to ascertain whether there were other mortgages or liens upon the premises, at which time he saw a record of the plaintiff's mortgage, and believing that the same did not embrace the property mortgaged to him, he received his mortgage, which was due and unpaid.

The fifth paragraph of Bowen's answer was the same as the fourth paragraph of the answer of Dewey.

Demurrers were sustained to the third paragraph of the answer of Dewey, and to the third and fourth paragraphs of the answer of Bowen.

Bowen, by leave of the court, filed his amended third paragraph of answer, which states that since the execution of the note sued on, at various times, his co-defendants have paid the plaintiff the aggregate sum of one thousand and eighty-four dollars as interest thereon, and asks that the excess above the legal rate of interest be deducted from the plaintiff's demand; that he held a mortgage on the premises described, which was unpaid.

The plaintiff replied, first, by general denial; and for a further reply to the fourth paragraph of the answer of Dewey, and to the fifth paragraph of the answer of Bowen, the plaintiff alleged, second, that the two turbine water wheels, four pieces of shafting, two trunnions, one boiler, one marking cylinder, one forming vat, one brick lime house, one frame bleach house, one pump in the engine room, two bed plates,

two pumps in the machine room, and two hundred feet of piping, were placed in said paper mill since the execution of the plaintiff's mortagage for the express purpose of supplying the places of old and worn out articles of the same character belonging and attached to said paper mill when the plaintiff's mortgage was executed. A demurrer to the second paragraph of the reply was overruled.

There was a trial by the court, and finding as follows:

That the allegations in the complaint were true, and that to secure the note sued on, Dewey and Griffith had executed the mortgage mentioned in the complaint, whereby they mortgaged to the plaintiff the property described in the complaint, to wit, Lots number 8, 13, and 14, in block 17, and lot number 5 in block 18, of the subdivision of lands on the west side of the Wabash and Erie canal, in the south-east quarter of section 30, township 25, north of range 2 west, in Carroll county, Indiana, &c., upon which premises are situated a paper mill, &c., together with the machinery, implements, &c., which premises were described in said mortgage by the description of " lots 8, 13 and 14, in block 17, and lot 5 in block 18, together with all the appurtenances and privileges unto the same belonging, as also all the stock, implements, machinery, and apparatus in and about the paper mill, upon said premises situated;" that on the 10th day of May, 1869, the said Dewey and Griffith executed and delivered to Bowen the mortgage mentioned in his answer, upon which there was due five thousand six hundred and seventy-three dollars; that at the time of the execution of said mortgage to Bowen, he had constructive notice of said mortgage to the plaintiff, and also actual notice of the same, and of the lien of the plaintiff upon said premises, and of the further fact that by the description in said mortgage to the plaintiff was meant and intended by Dewey and Griffith and the plaintiff the property described in the plaintiff's complaint; that the property embraced in the mortgage to the plaintiff constitutes one entire property, used for the purpose of manufacturing paper, and was not susceptible of division without

great injury thereto; and the court further found that the two turbine water wheels, four pieces of shafting, two trunnions, one boiler, one marking cylinder, one forming vat, one brick lime house, one frame bleach house, one frame boiler house, one pump in the engine room, two bed plates, two pumps in the machine room, and two hundred feet of piping, mentioned in the several answers of the defendants, were placed in said paper mill since the execution of the plaintiff's mortgage, for the purpose of supplying old and worn-out articles of the same character, belonging to said paper-mill when the plaintiff's mortgage was executed, and that they formed a part of the paper mill and were subject to the plaintiff's lien.

A motion for a new trial was overruled, and judgment rendered on the finding.

2. The second alleged error relates to the sustaining of the demurrer to the third paragraph of the answer of Dewey setting up the payment of five hundred dollars over and above the legal rate of interest. If this paragraph sets out the facts with sufficient particularity (see *Engler* v. *Collins,* 16 Ind. 189) in other respects, it fails to show when the amount was paid. If it was paid while the act of 1865 (3 Ind. Stat. 316) was in force, it could not be recovered back, or set off, and therefore the paragraph is bad.

3. The third point made is, that the court erred in sustaining the demurrer to the fourth paragraph of the answer of Bowen. We are quite well satisfied that this ruling was correct. The fact that Bowen examined the record of the mortgage of the plaintiff, and *believed* that it did not embrace the property mortgaged to him, and therefore took his mortgage, is no defense. The plaintiff's rights cannot be made to depend on what he believed. There was no merit in this ground of defense, as fully appears from the finding of the court that Bowen had constructive and actual notice of the mortgage and lien of the plaintiff, and that it was meant by the parties to embrace the property described in the complaint, and on which the defendant Bowen was taking his mortgage.

Perhaps this point was involved in the issue made by the general denial. It would seem that it was so considered by the common pleas, as it found on that point. We think the property was sufficiently described to identify the same. It was described in the mortgage as lots in Carroll county, Indiana, giving the numbers, on which there was situated a paper mill; and the complaint alleges that the mortgagors never, at any time, owned any other lots in that county or elsewhere, on which was a paper mill. The more particular description given in the complaint which is incorporated into the judgment, and which will enable the sheriff to advertise and sell the property, renders the description entirely sufficient. *Whittelsey* v. *Beall,* 5 Blackf. 143. Bowen says he examined the record of the plaintiff's mortgage. He then saw that it was a mortgage from Dewey and Griffith on real estate on which was a paper mill, including the personal property in the same. Having learned this fact, he takes a mortgage on the same property, by a description only a little variant from that in the plaintiff's mortgage, naming the paper mill, and enumerating the articles of personal property therein, almost as in the plaintiff's mortgage. The paragraph was bad.

4. The next question is as to the sufficiency of the second paragraph of the reply. It alleges that the articles enumerated, which were put in the paper mill since the date of the plaintiff's mortgage, were put there to supply the place of old and worn out articles of the same character, belonging and attached to the mill when the plaintiff's mortgage was made. We must regard these things as having become a part of the realty by their annexation thereto, and as being subject, with the rest of the property, to the prior lien of the plaintiff's mortgage. *Sparks* v. *The State Bank,* 7 Blackf. 469, and cases cited; *Seymour* v. *Watson,* 5 Blackf. 555; *Millikin* v. *Armstrong,* 17 Ind. 456; 1 Hilliard on Mortgages, 432, *h.*

5. On affidavit, the attorney who was appearing for the defendants was required to show his authority for so doing as to Griffith, and showing only that he had been employed by Dewey, and not by Griffith, he was not allowed to defend

for Griffith. There was no error in this ruling. He could not appear for a party who had not retained him and who did not wish to make any defense to the action. There is no other question in the record.

The judgment is affirmed, with two per cent. damages and costs.*

*J. Applegate*, *S. A. Huff*, and *B. W. Langdon*, for appellants.
*J. H. Gould* and *R. P. Davidson*, for appellee.

* Petition for a rehearing overruled.