### ALLEN ET AL. *v.* KENNEDY.

LANDLORD AND TENANT.—*Trade Fixtures.*—A tenant who has put trade fixtures into a building has a right to remove them, if it can be done without permanent injury to the freehold, provided the right is exercised within proper time.

SAME.—The right to remove such fixtures must be exercised during the term of the lease, as fixed by the contract, or during such further period as the tenant may lawfully and rightfully remain in possession; and they can be removed, after a voluntary surrender of the premises, or lawful eviction from the same, only with the assent of the landlord.

APPEAL from the Montgomery Common Pleas.

BUSKIRK, J.—This was an action by the appellee against the appellants to recover the possession of a set of Fairbank's platform scales, which, it was alleged, had been unlawfully taken and wrongfully withheld.

The defendants answered in two paragraphs; first, in denial; second, that the defendants were the owners and entitled to the possession of the scales. A judgment of return was demanded. The cause was, by the agreement of the parties, submitted to the court for trial, and resulted in a finding for the plaintiff. The court overruled a motion for a new trial, and rendered judgment on the finding.

The appellants have assigned for error the overruling of their motion for a new trial.

The cause was mainly submitted upon the following agreed statement of facts:

"Be it remembered that on the trial of the above-named cause, at the October term of the Montgomery Court of Common Pleas, the following facts were admitted to be true and taken as confessed, waiving the introduction of documentary evidence to sustain them; first, that in December, 1869, and previously, R. J. Vance owned a store room, with a long frame building erected in the rear, in the city of Crawfordsville, Montgomery county, Indiana, and that the defendants herein, at that time and previously, occupied it as tenants of Vance for a wheat warehouse for the purpose of purchasing and storing grain therein; that previous to that time, when they first rented it, by the consent of Vance, they had put therein a set of Fairbank's platform scales, to be used in their business; that in December, 1869, the plaintiff purchased the said premises from Vance, and received a warranty deed therefor without reservation, and the Allens became his tenants; that they remained as his tenants until March, 1870, when they surrendered possession of said premises to Kennedy, and he took possession, they leaving said scales thereon as they were originally placed there; and that defendants entered the premises in August, 1870, and took said scales from the building."

In addition to the above agreed statement of facts, much evidence was offered as to the manner in which the scales were attached to the building, and as to how they were removed. We do not deem such evidence of any importance in this case. The scales were put in the building by the tenants, with the consent of the landlord, for the purposes of trade, and thereby became "trade fixtures," and the tenants had the right to remove them, if it could be done without a permanent injury to the freehold, provided that right was exercised within proper time. We have recently, in *Cromie* v. *Hoover, ante,* p. 49, after a very full and careful examination of the English and American authorities on the subject, held that the right of a tenant to remove "trade fixtures" must be exercised either during the term as fixed by the contract, or during such further period as the tenant may lawfully and rightfully remain in the possession of the leased premises, and that such fixtures can only be removed by the tenant, after he has voluntarily surrendered the possession, or has been lawfully evicted by the landlord, with the consent of the landlord.

We will not re-examine the authorities, but, adhering to our ruling in that case, we hold that the appellants having surrendered the possession of the premises to the landlord, with the fixtures attached thereto, without an agreement that they might subsequently remove them, the fixtures became, and were, a part of the realty, which the appellants had no right to remove, and when they re-entered the premises and removed them without consent, they were trespassers.

The court committed no error in refusing a new trial.

The judgment is affirmed, with costs.*

*P. S. Kennedy, R. H. Galloway,* and *W. T. Brush,* for appellants.

*T. Patterson* and *M. D. White,* for appellee.

*Petition for a rehearing overruled.