## Kennard v. Brough et al.

FIXTURE.—*Sale of Land Without Reserving Fixture.—Subsequent Purchaser of Fixture.—Promissory Note.—Failure of Consideration.—Breach of Implied Warranty.—Evidence.—Practice.—Pleading.—Justice of Peace.*--The owner of a tract of land upon which he had placed a cane mill, let into the ground, to manufacture his cane crop, sold and conveyed the same, without reservation, to a purchaser, and then sold, but did not deliver, the cane mill to a purchaser who executed his promissory note for the purchase price, but the purchaser of the land, on taking possession, refused to allow the purchaser of the mill to remove it.

*Held,* in a suit on the note, originating before a justice of the peace, that the defendant could, without plea, give evidence of either a failure of consideration or of a breach of the implied warranty of title to the mill.

*Held,* also, that the fixture passed with the land, as part thereof, to the grantee.

From the Madison Circuit Court.

*H. D. Thompson,* for appellant.

*C. L. Henry,* for appellees.

PERKINS, J.—Suit before a justice of the peace, against Brough and Kuhns, the makers of a promissory note for thirty-five dollars.

Judgment before the justice for the defendants, on the ground of want of consideration for the note.

Appeal to the circuit court.

Judgment there, on a trial by the court, for the defendants.

Motion for a new trial overruled; exception, and appeal to this court.

The evidence is in the record.

It is assigned for error, that the judgment below is unsupported by the evidence.

The note was given for a sorghum mill. It was dated March 10th, 1874.

" The mill was fastened onto a log set in the ground; a furnace built of brick, twenty feet long, with a brick chimney six or eight feet high; a shed over the furnace. The furnace was put there to boil the cane juice."

Before the sale of the sorghum mill to Brough and Kuhns, and the taking of the note for the price of it, including the pans, etc., that were a part of it, Kennard, the payee of the note, had sold the farm on which the mill was situate, as above described, to one Timothy Parsons, without reserving the mill; and, when he sold the mill to Brough and Kuhns, he gave them no notice of the fact of the sale of the farm to Parsons. Brough and Kuhns did not take the mill away at the time of the purchase, on account of the badness of the roads. When they went for the mill, Parsons was in possession of the farm, under his purchase, and claimed the mill as a part of the farm, and refused to permit Brough and Kuhns to remove it.

If the mill was a fixture, as between vendor and vendee, as there was no reservation on the sale of the farm, it passed to the purchaser, became his property, and when, subsequently, Kennard, the vendor, again sold it to Brough and Kuhns, he transferred to them no title, and the note taken for it was without consideration; or, if we regard the implied warranty of title as a consideration, then there was a right of recoupment for damages to the

value of the mill, on the breach of said implied warranty, and the judgment of the court below was right, as, the case having originated before a justice, both defences could be given in evidence under the general denial.

There certainly can be no propriety in our discussing the facts or law in this case. We need only cite the authorities in our own State. *Sparks* v. *The State Bank,* 7 Blackf. 469, and cases there cited; *Pea* v. *Pea,* 35 Ind. 387, and cases cited.

It will be noted that this case decides, that, as between vendor and vendee of land on which a mill is situated, as above described, and where the vendor is the sole owner of the land and mill, and there is no reservation or notice to the purchaser of the land, the mill is to be regarded as a fixture, and will pass to the vendee, with the land.

How it might be under other and different circumstances, we decide nothing.

The judgment is affirmed, with costs.