## GRIFFIN ET AL. *v.* RANSDELL.

### No. 6724.

LANDLORD AND TENANT.—*Fixture.—Dwelling-House.—Evidence.*—As a rule, a dwelling-house situated on land is deemed part of the realty, and a person claiming it to be personalty must show some fact changing its character from real to personal property.

SAME.—*Tenant's Right to Remove Dwelling.*—A tenant's right to remove a dwelling, constructed by him on leased land, is restricted to the duration of his tenancy. If not removed before the expiration of the tenancy, the dwelling becomes part of the freehold, and vests absolutely in the owner of the freehold estate.

SAME.—*Right of Action.—Privity of Contract or Estate.—Conversion.—Notice.* —In an action by the wife of a tenant, after the expiration of her husband's tenancy, to recover for the alleged conversion of a dwelling-house situated on the leasehold, proof that she had purchased the house from a former tenant, after the expiration of the latter's tenancy, is not sufficient to establish her title as against the owner of the land, who had no knowledge of her purchase, there being no privity of contract or estate between her and such owner.

SAME —*Purchase by Landlord from Tenant —Estoppel.—Husband and Wife.* A purchase of such building by the landlord, from the tenant, who was in possession, and, with the knowledge of his wife, held himself out as the owner thereof, estops her from afterward asserting any title thereto.

SAME.—*Agency.—Husband may be Wife's Agent.*—A wife may constitute her husband her agent to sell personal property, and a sale made by him under such authority will pass title to the purchaser, even though he has violated private instructions given him by the wife.

From the Boone Circuit Court.

*J. W. Clements, T. J. Terhune, H. C. Wills* and *O. P. Mahan,* for appellants.

*J. C. Farber,* for appellee.

ELLIOTT, J.—The appellee's complaint charged that the

appellants had unlawfully taken and converted a dwelling-house, of which she was the owner, to their own use. A demurrer to the complaint was overruled, issue joined, and trial had, resulting in a finding and judgment in favor of the appellee.

One of the assignments of error attacks the ruling upon the demurrer to the complaint, and requires us to determine its sufficiency. The theory upon which appellants proceed in their attack upon the complaint is, that a dwelling-house situated on real estate can not be treated as personal property, and, therefore, such an action as the present can not be maintained. This theory is radically wrong. A dwelling-house, although situated on the real estate of another, may, under some circumstances, be treated as personal property. From the bare fact that the house was situated on the lands of another, it does not necessarily follow that the house is to be conclusively deemed real estate, nor does it follow that the owner of a house necessarily makes it real estate by placing it on the land of a third person. *Foy* v. *Reddick,* 31 Ind. 414 ; *Ham* v. *Kendall,* 111 Mass. 297. Admitting, as the demurrer does, the facts stated in the complaint, the concession that the house was the personal property of the appellee follows, as a necessary incident of the principal admission. The entire drift of the complaint shows the property sued for to be personal and not real, and this the demurrer concedes. The uncertainty in the complaint is not proper ground of demurrer, and we must treat the complaint as stating a good cause of action for the unlawful conversion of personal property.

The only other assignment of error which presents any questions requiring our consideration is that based upon the ruling refusing the appellants a new trial, and this imposes upon us the duty of examining the evidence. The appellee testified that she bought the house of one Roberts; that she paid for it with her separate money;

that the house was situated on land formerly owned by the appellant Mills, but at the time of the commencement of the action owned by Griffin ; that, prior to instituting the action, she had made a demand for the house. The appellee also introduced in evidence a bill of sale for the house from Roberts, and proved the value of the property by several witnesses. The facts we have stated are really all the material ones which appellee proved, or offered to prove. Upon this evidence, the law is clearly against her. Ordinarily, a dwelling-house situated on land is deemed real estate, and one claiming it to be personalty must show some facts changing its character from real to personal property. Thus, the devise of a dwelling-house will, without other words, carry the land on which it is located, because the house is deemed to be real property. *Rogers* v. *Smith,* 4 Pa. State, 93 ; *The Common Council, etc.,* v. *The State, ex rel.,* 5 Ind. 334. The burden was on the appellee to affirmatively show some valid contract, or some relationship between the owner of the land and herself or some one through whom she claimed, which would overcome the presumption that the dwelling-house was real property, owned by the owner of the soil. It would be strange, indeed, if one could successfully assert title to a dwelling-house situated on the land of another, by simply establishing a purchase from some third person.

The law is even more strongly against the appellee, when the evidence offered by the appellants—and which was in all its material features uncontradicted—is taken into account. Appellee's claim to the house is shown to have its foundation in a bill of sale dated May 16th, 1872 ; the title of Mills was acquired by deed, duly recorded March 18th, 1874, and the interest of Griffin was obtained in September, 1877. From the testimony of Mills it appears, and without contradiction, that four or five years before the date of the trial, he had leased the land to one Lynch,

for the period of one year; that Lynch built the house; that, at expiration of the year, Lynch sold to Roberts, and that immediately afterward Roberts sold to Thomas Ransdell, the husband of appellee; that the witness was told by said Thomas Ransdell, that he had bought the house of Roberts and wanted to lease the ground on which it stood; that the appellant did then lease the ground to said Ransdell for one year, and that the lease had expired three years previous to the trial. The appellant Mills further testified, that he had repeatedly notified said Ransdell to remove the house, prior to the sale to Griffin. If the evidence of appellants had ended with the establishment of the facts we have just mentioned, the law would have been with them.

The construction of the house by the tenant of the owner of the land gave the tenant only a restricted right of removal; for, if not removed before the expiration of the tenancy, the tenant's right to the house would be lost. The assignees of the tenant could get no better right than the tenant himself had, and the tenant was bound to exercise the right of removal before his tenancy expired, or the property would become part of the freehold and vest absolutely in the owner of the freehold estate. *Cromie* v. *Hoover*, 40 Ind. 49.

The evidence of appellants establishes other material facts than those of which we have already made mention. It clearly appears that at the time Mills, then the owner of the ground, leased to Ransdell, he had no knowledge whatever of any claim by the wife of the said Thomas Ransdell. The entire contract was made with the husband, the wife not being directly or indirectly a party, and at that time the right of the former tenant to remove the house had been lost. The agreement with the appellee's husband was that he should be the appellants' tenant for a designated period, and, even if that agreement gave

the husband a right to remove, the right was restricted to the duration of the tenancy.

But, aside from this consideration, the lease was to Thomas Ransdell, and not to his wife, and the latter could not, as against the owner of the freehold, claim any title to a house which had become part of the real estate, and which no one, except the owner of the land, could have severed, without incurring liability as a trespasser. Under this state of facts, it is plain, that, as there was no privity of contract or of estate between appellee and Mills, she can have no right of action against him for refusing to pay her for a house situated on his own land. The utmost that could possibly be claimed, with any shadow of reason, would be, that, under the lease to the husband of appellee, the lessee had a right to remove the house at any time before his tenancy expired.

There is other undisputed testimony, to which it is proper for us to give brief consideration. The appellee herself swears, that she authorized her husband to trade or sell the house, and Griffin testifies that he did buy the house from the husband of appellee, and paid him the price agreed upon, and this testimony stands without contradiction. As the appellee authorized her husband to sell or trade the house, and as he did sell it, her claim, if it ever had any substantial existence, was divested. A wife may constitute the husband her agent to sell personal property, and a sale made by him, under such authority, will pass title to the property. *Lichtenberger* v. *Graham*, 50 Ind. 288.

Having conferred upon her husband full power to sell or trade, the purchaser would buy a good title, even though the husband had violated private instructions expressly given by the appellee. Even if the evidence justified the conclusion that the wife was ever the owner, there can be no doubt but that it is clearly shown that she had divested herself of title by sale.

Independently of the reasons hitherto presented, there is still another reason why the appellee ought not to recover. It appears that the husband was the sole lessee of the ground, that he was the open and avowed owner of the property, that the appellee suffered him to so hold himself out to the world, and upon these facts Griffin was fully justified in treating the husband as the owner, and buying from him as such. It would be in the highest degree inequitable to now allow the appellee to recover the value of a house standing on appellants' own land, which had long been there, and of which the person of whom he bought had long been the claimant and recognized owner.

Whatever view may be taken of the case, it is very certain that the finding of the court was in direct and irreconcilable conflict with well settled principles.

The judgment is reversed, and the cause is remanded, with instructions to sustain appellants' motion for a new trial, and for further proceedings in accordance with this opinion.