No. 8762.

## HAMILTON ET AL. *v.* HUNTLEY ET AL.

FIXTURES.—*Mortgage.*—A., in possession, but not the owner, of a flouring mill, was permitted by the manufacturers of machinery to put into and annex to it, in such a temporary manner as to admit of removal without injury to the mill, certain machinery which, if found satisfactory, after sixty days' trial, was to become his property upon giving his notes for the price and notice of his acceptance of the machinery. The mill and real estate were, at the time, subject to two mortgages. A. refused to accept the machinery or give his notes as he had agreed, and when he quit possession the machinery remained in the mill, a tenant taking possession. *Held,* that, as between the manufacturers and the mortgagees, the machinery was part of the real estate, and subject to the mortgages. WOODS, J., dissents.

PLEADING.—*Answer.*—A bad answer is sufficient for a bad cross complaint.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener,* for appellants.

*E. P. Ferris, A. F. Wray* and *H. H. Daugherty,* for appellees.

BICKNELL, C. C.—Peyton Johnson and wife, in February, 1877, mortgaged land, including a mill and its appurtenances, to Kennedy and Robertson, to secure several notes payable to them, and made by Peyton Johnson. These notes became the property of the appellant Hamilton, by endorsement.

The same grantors, in February, 1878, mortgaged the same land to the appellant Hamilton, to secure a note payable to him and made by Peyton Johnson.

Hamilton brought suit upon the notes and mortgages and obtained a judgment of foreclosure against Johnson and wife.

Thereupon the appellees, Huntley, Holcomb and Heine, were made defendants, and they filed a cross complaint against Hamilton, Johnson and wife, and Kennedy, alleging that after the execution of said notes and mortgages, and before suit was brought thereon, they delivered to Peyton Johnson a middling purifier, and a bran duster, and a brush machine, to be put by him in said mill and used on trial, and, if found satisfactory, then within sixty days after such delivery Peyton should notify them of his acceptance of the machines and give

them his notes therefor, and then said machines should become his property; that said machines are fastened to the floor of the mill temporarily by cleats and nails, and can be removed without injury to the building or freehold; that they were not attached to the building or the realty in any permanent manner by or with the knowledge or consent of the cross complainants, but were only temporarily attached by said Peyton for the purpose of testing their value, and that their removal will not render the freehold and mill less valuable than when the mortgages were given; that said Peyton, although said sixty days long ago expired, and although often requested, has failed and refused and still refuses to accept said machines and execute said notes, and the machines belong to said cross complainants; that said mill property is now in possession of said Kennedy, as tenant of said Minerva Johnson, its owner, and said Kennedy, on demand, has refused to deliver said machines to said cross complainants.

The prayer of the cross complaint is, that the said machines be excepted from the decree of foreclosure and declared to be the property of the cross complainants, and that said Hamilton and the Johnsons and Kennedy be enjoined from claiming any right to the machines, or the use thereof, and for all other proper relief.

Hamilton filed a demurrer to this cross complaint, and the same was overruled.

The said Hamilton, Minerva Johnson and Kennedy answered the cross complaint jointly, alleging that the said land and mill belonged to said Minerva in fee simple; that the mill is a three-story brick building, on stone foundations eight feet deep, with a steam engine and boiler in a brick and stone bed, and permanently attached to the building and machinery; that the machinery is fastened to the building permanently by rods, bolts, pulleys, bands, screws and other fastenings; that the same was not placed in said mill for trade, but to be used and enjoyed permanently as a part of said real estate; that said Peyton held said property as tenant of said Minerva, from Feb-

ruary 10th, 1877, to February 1st, 1879; that during his tenancy he, without the knowledge or consent of the respondents, procured the said machines, fastened them to the floor by cleats and nails, and to the ceiling and joists by nails and braces, and connected them with the other machinery of the mill by belts, pulleys, elevators, chutes and large screws; that said machines were thus attached to the mill by said tenant, during his tenancy, and without the consent of the respondents, and were continuously used by him until the end of his tenancy, and were then delivered up with the mill to the said Minerva Johnson, who rented said property to said Kennedy, who now holds the same as such tenant, and is in daily use of said machines, without which the mill can not be properly used; that these respondents had no notice of the claim of the cross complainants. The answer then alleges the execution of the notes and mortgages mentioned in the original complaint, and that, at the time of the execution of said second mortgage, said Hamilton had no notice of the cross complainants' claim upon said machines; that said machines were attached to the mill when the said notes of Robertson and Kennedy were assigned to said Hamilton, who then had no notice of said cross complainants' claim.

The cross complainants filed a demurrer to this answer; said demurrer was sustained, and the respondents declining to answer further, judgment was rendered against them upon the cross complaint, that the said machines were the property of said Huntley, Holcomb and Heine, and were not covered by said mortgages or by the said decree of foreclosure.

From this judgment the said Hamilton, Kennedy and Peyton Johnson appealed; the said Minerva Johnson refused to join in the appeal; her name is stricken from the record.

The appellants assign errors:

1st. Overruling the demurrer to the cross complaint.

2d. Sustaining the demurrer to the answer to the cross complaint.

Personal property may be annexed to the freehold so as to

become a part of it, although the annexation be made by mistake merely. *Seymour* v. *Watson,* 5 Blackf. 555. Or by a wrongful act. *Ricketts* v. *Dorrel,* 55 Ind. 470. And without permanent insertion, the annexation, apparently, resulting more from the intention of the party and the nature and uses of the property than from the mode of uniting, and the property becoming part of the realty, although capable of easy removal without substantial injury to the freehold. And there are constructive fixtures, which, in ordinary understanding, make part of the land or building; such are rails on a fence, stones in a wall, and Venetian blinds and locks and keys of a house. · 2 Kent Com. 347, note *a.*

At common law, ordinarily, subject to some exceptions, as between landlord and tenant, in favor of trade, whatever is annexed to the freehold becomes part of it, and can not afterwards be removed, except by him who is entitled to the inheritance. *VanNess* v. *Pacard,* 2 Pet. 137, 142.

In the United States, the modern cases exhibit a conflict of opinion as to fixtures.

In Connecticut, it was held that a simple annexation to the realty is not sufficient, and that, to become a fixture, the chattel must be so annexed that an injury to the freehold will result from the mere act of removal, independently of the subsequent want of the thing removed. *Swift* v. *Thompson,* 9 Conn. 63. In Maine, it was held that where machinery is essential to the purposes for which a building is employed, it must be considered as a fixture, although only attached to other machinery, and not to the premises themselves, and capable of being removed without immediate or physical injury of any sort. *Farrar* v. *Stackpole,* 6 Greenl. 154. To the same effect are the Pennsylvania cases. *Voorhis* v. *Freeman,* 2 Watts & S. 116; *Pyle* v. *Pennock,* 2 Watts & S. 390. But in New York it was held, that, in order to constitute a fixture, adaptation to the enjoyment of the realty and annexation thereto must concur, although where the former exists

the slightest fastening will be sufficient to constitute the latter. *Walker* v. *Sherman,* 20 Wend. 636.

In Indiana, the New York opinion seems to prevail, and there is no conflict in the cases.

In *Taffe*'v. *Warnick,* 3 Blackf. 111 (23 Am. Dec. 383), it was held that a carding machine in a carding house, standing on the floor in its usual place of operation, but not fastened at all to the building, was not a fixture. In *Sparks* v. *The State Bank,* 7 Blackf. 469, it was held that a steam engine in a tanyard, for the purpose of tanning, which could be removed without injury to the building, being connected therewith by braces, was a fixture, and passed to the mortgagee of the land where it stood. It was held in this case that the exceptions as to a tenant in favor of trade were not applicable; that the rule as between heir and executor, vendor and vendee, and mortgagor and mortgagee, is the same, and that, in such cases, such fixtures pass with the land, though erected for the purposes of trade. In *Taffe* v. *Warnick, supra,* it was held, that, as between debtor and creditor, the same rule applies as between landlord and tenant. In *Millikin* v. *Armstrong,* 17 Ind. 456, it was held that personal property, used in and attached to a starch factory, will pass by a mortgage of the freehold. In *Bowen* v. *Wood,* 35 Ind. 268, the court went a step further, and held that machinery put in a mill after the execution of a mortgage, to supply the place of old and worn-out articles, becomes a part of the realty, and is subject to the mortgage. In *Pea* v. *Pea,* 35 Ind. 387, it was held that a steam saw-mill and machinery pass by a conveyance of the land on which the mill stands; and a like ruling was make in *Kennard* v. *Brough,* 64 Ind. 23, as to a sorghum mill. In *Cromie* v. *Hoover,* 40 Ind. 49, it was held, that buildings erected on leased land by a tenant, for the better use and enjoyment of the property, may be removed by him before the expiration of his lease, provided that can be done without permanent injury to the freehold. To the same effect are *Allen* v. *Kennedy,* 40 Ind. 142, and *McCracken* v. *Hall,* 7 Ind. 30. It is also

held in Indiana, that the question, whether chattels annexed to real estate become part of it, may be determined by the contract of the parties.   Thus, in *Frederick* v. *Devol,* 15 Ind. 357, where A. held a mortgage on real estate and a machine shop, and B. held a subsequent mortgage on the patterns, tools and movable fixtures in said shop, and the second mortgagee claimed said tools, etc., and the first mortgagee pleaded his prior mortgage, and the reply averred an agreement between the mortgagor and the first mortgagee that the tools, patterns, etc., should not be included in said first mortgage, it was held that the reply was good.   And in *Yater* v. *Mullen,* 24 Ind. 277, where A. built a mill on B.'s land, under a contract that if B. would pay off a judgment and convey to A. half of the land, then B. should own half of the mill, and that until then the mill should remain the property of A., it was held, that, after the sale of the land on an execution against B., the mill was A.'s personal property, and that he might remove it. So, in the case of *Pea* v. *Pea, supra,* it was held that the legal effect of a deed might be controlled as to fixtures by the parol agreement of the parties, at the time of making the deed. And in *Taylor* v. *Watkins,* 62 Ind. 511, it was held that where there was a mortgage of land, on which was a steam saw-mill, boiler and engine, a complaint against the mortgagee, alleging that the mortgage did not include and was not to include said mill, etc., was sufficient to put the mortgagee upon his defence, and was good on demurrer.   And in *Griffin* v. *Ransdell,* 71 Ind. 440, it was held, that although a dwelling-house is, ordinarily, part of the land on which it stands, yet a valid contract may be shown, between the owner of the land and the claimant of the house, by which the presumption that the dwelling-house is real property, may be rebutted. It has also been held in Indiana, that, where the owner of fixtures has a right to remove them, they are liable to be taken on execution and sold as his property.   *State, ex rel.,* v. *Bonham,* 18 Ind. 231.

It appears from the cross complaint that the real owner of

the mortgaged property, in the case at bar, was Minerva Johnson, and that Peyton Johnson, at the time the machinery in controversy was annexed to the mill, " was in possession of said mill and using and running the same," and that said machinery was annexed to the mill by said Peyton Johnson, after the execution of the mortgages. There is no averment that Minerva Johnson, the owner of the land, or Hamilton, the mortgagee, had notice of the alleged agreement between the cross complainants and Peyton Johnson in reference to the machinery. It is not stated whether Peyton Johnson's possession of the mill was rightful or wrongful, nor whether he was in as tenant or otherwise.

Upon such a showing, it follows from the cases hereinbefore cited, that the machinery was subject to the mortgage.

If Peyton Johnson was a tenant, the rule, as we have seen, is that a tenant may remove such machinery during his term, but not afterwards; but the cross complaint shows that the cross complainants permitted the machinery to remain in the mill long after the sixty days allowed for trial had expired, and long after Johnson's possession had ended, and after the premises had been rented by Kennedy, and the mill and machinery delivered up to him.

The alleged contract between the cross complainants and Peyton Johnson did not bind Hamilton, the mortgagee. The cases hereinbefore cited, which hold that the legal rule as to fixtures may be modified by the contract of the parties, apply only when the contract is made by the party who, without such contract, would be entitled to the personal property as part of the real estate. There was no cause of action in the cross complaint, and the court erred in overruling the demurrer to it.

As to the answer to the cross complaint, it need not be specially considered, because a bad answer is good enough for a bad complaint. *Ætna Ins. Co.* v. *Baker,* 71 Ind. 102. But it shows that Peyton Johnson was only a tenant; that he annexed the machinery without the knowledge or consent of the defendants; that at the end of his tenancy he delivered up the

mortgaged premises with said machinery permanently annexed thereto, and that defendants had no notice of the cross complainants' claim; that said machinery had already been so annexed at the time when Hamilton took the assignment of the notes secured by the first mortgage, and remained so annexed at the date of the execution of the second mortgage; and that Hamilton took both notes and mortgage, without any notice of said alleged contract with Peyton Johnson. The answer shows still more conclusively than the cross complaint, that the machinery is subject to the mortgage. The court erred in overruling the demurrer to the cross complaint and in sustaining the demurrer to the answer to the cross complaint, and the judgment of the court below upon the cross complaint ought to be reversed, with instructions to sustain the demurrer to the cross complaint.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below upon said cross complaint be, and the same is hereby, in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to the court below to sustain the demurrer to the cross complaint.

WOODS, J., dissents.

---

EJECTMENT.—*Sheriff's Sale.*—*Description.*—A defendant in an action of ejectment, who claims title through a sheriff's sale, can not maintain it unless the sheriff's deed describes the land in dispute.

SAME.—*Evidence.*—*Forcible Entry and Detainer.*—In such action it is not necessary for the plaintiff to prove a forcible entry and detainer.

SAME.—*Power of Attorney.*—A power of attorney, executed by A. to B., authorizing the latter to lease, mortgage or sell the land of the former in