Filed Jan. 21, 1885.

---

No. 11,657.

THE BASS FOUNDRY AND MACHINE WORKS *v.* GALLEN-
TINE ET AL.

99 525<br>145 571

FIXTURES.—*Mortgage.*—*Foreclosure.*—*Purchaser.*—*Agreement.*—The owner of real estate with a flouring mill thereon, which was subject to a mortgage duly recorded, procured new machinery therefor on credit, upon agreement that title to the machinery should not pass until it was paid for. The machinery was attached to the realty as was intended.

*Held,* that a purchaser upon foreclosure took title to the machinery as against the vendor of it, notwithstanding the contract and a failure to pay for it.

From the Marshall Circuit Court.

*M. A. O. Packard, O. M. Packard, W. H. Coombs, R. C. Bell* and *S. Morris,* for appellant.

*A. C. Capron, J. W. Parks* and *S. D. Parks,* for appellees.

BICKNELL, C. C.—The firm of Gallentine Brothers owned real estate in Marshall county, known as the Sharley flouring-mill, subject to a mortgage made by them in 1879 to secure a part of the purchase-money.

In May, 1881, they wrote to the Bass Foundry and Machine Works, of Fort Wayne, Indiana, as follows:

"Please ship to the undersigned, at Bourbon, Indiana, one middlings mill complete, one Wolf & Hamaker purifier No. 3, also one single reel bolting chest, cloth, complete, with double conveyors, also two new bolting cloths to cloth two reels now in our mill with two stands of elevators, with buckets and belts for the same, also all leather belting necessary to make the change complete; shaftings and pulleys. The above described property, with labor of millwright to complete job, is supposed to amount to about one thousand dollars. It is hereby understood and agreed that the title of the above described property shall remain in the Bass Foundry and Machine Works until the above amount is paid in full, and if notes are given, until the full amount of said notes and interest thereon has been paid, said notes being received not in payment, but only as evidence of indebtedness. It is further agreed by the parties, that, if not paid, the said Bass F. & M. Works are to have peaceable possession without litigation.

(Signed)    "GALLENTINE BROS."

This proposition was accepted, and in pursuance thereof said property was delivered and was put up and fastened to the mill, and was used as a part thereof.

Afterwards, in 1882, the aforesaid mortgage was foreclosed, and at the foreclosure sale, in July, 1882, the land and mill were bought by the mortgagee, who received the sheriff's certificate of sale and assigned it to Clara V. Gallentine, to whom the sheriff made a deed on the 19th of July, 1883. Clara V. Gallentine was the wife of one of the mortgagors.

On the 9th of August, 1883, the said Bass Foundry and Machine Works commenced this action of replevin against

The Bass Foundry and Machine Works *v.* Gallentine *et al.*

said Clara V. Gallentine and one Noggle, to recover the possession of the machinery sold as aforesaid.

The complaint was in two paragraphs. The first was in the statutory form; the second was special, stating the sale and delivery as aforesaid; that the machinery was never paid for, and remained the property of the plaintiff; that the defendants had possession of it, and on demand had refused to deliver it to the plaintiff, and were unlawfully detaining it, etc. The defendant Noggles filed a disclaimer.

The defendant Clara Gallentine answered in three paragraphs, to wit:

1. The general denial.

2. Alleging the mortgage, foreclosure and sale as aforesaid, and that she purchased the certificate of sale and took the sheriff's deed for the mortgaged property, for a valuable consideration, and without notice of said contract of sale, and that said machinery had been attached and fastened to the mill, and made part thereof, so that it could not be removed without rendering the mill wholly useless.

3. Payment of the plaintiff's claim before suit brought.

The record shows no reply to the special defences, but the cause having been submitted to the court for trial, these defences are regarded as denied. The court found for the defendant; the plaintiff's motion for a new trial was overruled, and judgment was rendered on the finding. The plaintiff appealed. The only error assigned is, overruling the motion for a new trial.

The reasons for a new trial are that the finding is not sustained by sufficient evidence, and is contrary to the evidence and contrary to law.

The only question is, did the machinery become part of the realty, so that the defendant became its owner under the sheriff's deed?

Ordinarily, personal property, which is made a fixture, becomes a part of the real estate to which it is affixed, even although the annexation be made by mistake, or by wrongful

act. *Seymour* v. *Watson*, 5 Blackf. 555; *Ricketts* v. *Dorrel*, 55 Ind. 470.

Machinery put into a mill without any special contract on the part of the owner of the freehold, and fastened thereto and used therewith, becomes a part of the freehold. *Millikin* v. *Armstrong*, 17 Ind. 456; *Bowen* v. *Wood*, 35 Ind. 268; *Pea* v. *Pea*, 35 Ind. 387; *Kennard* v. *Brough*, 64 Ind. 23; *Hamilton* v. *Huntley*, 78 Ind. 521 (41 Am. R. 593); *Sparks* v. *State Bank*, 7 Blackf. 469.

But, as between vendor and vendee, where no rights of third persons intervene, personal property, under such an agreement as is stated in the complaint, although annexed to the freehold, so that it would otherwise be a part thereof, remains the property of the vendor until paid for. *Frederick* v. *Devol*, 15 Ind. 357; *Yater* v. *Mullen*, 24 Ind. 277; *Pea* v. *Pea*, *supra;* *Taylor* v. *Watkins*, 62 Ind. 511; *Griffin* v. *Ransdell*, 71 Ind. 440.

If, however, the vendee is not the owner of the realty, but is a mere lessee, such a contract will not bind the owner of the realty, who did not consent to it, and has not waived his rights. This was decided in the case of *Hamilton* v. *Huntley, supra.* That was an action to foreclose two mortgages on land including a mill and its appurtenances. Huntley and others were made defendants, and they filed a cross complaint, alleging that they had furnished machinery to Peyton Johnson after the execution of the mortgages and before suit brought thereon, upon an agreement that the property was not to be his until the performance of certain conditions; that these conditions were not complied with; that the property, although attached to and used in the mill, still belonged to them, and they prayed that the same be excepted from the decree of foreclosure and declared their property.

The mortgagees answered, alleging that the mill belonged to Minerva Johnson, and that Peyton was only a tenant, and that during the tenancy, without the knowledge or consent of the respondents, he had procured the machinery and fast-

ened it to the mill building, so that the mill could not be used without it, and that the respondents had no notice of the claim of the cross complainants. This was held to be a good answer, and it was held that such a contract between the cross complainants and Peyton Johnson did not bind the mortgagees.

The difference between the case just cited and the present case is that the Gallentines, who made the contract with the appellant, were, at the date of the contract, the owners of the land and mill.

Undoubtedly, as between them and the appellant, the title to the machinery remained in the appellant, and if no superior rights of third persons had intervened, the machinery might have been sold on execution as the property of the appellant. *State, ex rel.,* v. *Bonham,* 18 Ind. 231. But where such machinery has been made a fixture in a mill, the rights of a mortgagee, purchasing at a foreclosure sale under a prior mortgage of the mill, can not be impaired by a contract made during the existence of the mortgage, to which he was not a party, and of which he had no notice.

The situation of such a purchaser is the same as if no such contract existed; he has the same right to treat such machinery as part of the realty that he would have had in the absence of such a contract. The old machinery was subject to the mortgage; the mortgagor could not substitute new for old, and compel the mortgagee purchasing at the foreclosure sale to take the mill in a dismantled condition, because of a contract made by the mortgagor with some third person, to which the mortgagee was not a party, to which he never consented, and of which he had no notice.

In this case the mortgagee was the purchaser at the mortgage sale; he assigned the certificate of sale to Clara V. Gallentine, who took it and the sheriff's deed without any notice of the appellant's claim, and was a *bona fide* purchaser for value.

The Bass Foundry and Machine Works v. Gallentine et al. ·

It will be observed, also, that in this case the appellant sold the machinery knowing it was to be made a fixture in the mill—the contract shows it was sold for that very purpose.

The finding was sustained by the evidence, and was not contrary to law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Dec. 17, 1884.

## ON PETITION FOR A REHEARING.

BICKNELL, C. C.—In this case the owner of personal property permitted it to be made a fixture upon real estate which was already covered by a mortgage. The property was machinery for a flouring-mill. The old machinery was torn away and the new machinery, substituted therefor, was permanently affixed to the freehold, without the knowledge or consent of the mortgagee. The mortgagee foreclosed his mortgage, bought in the property at the foreclosure sale, and sold it to the appellee, who was a purchaser for a valuable consideration without notice.

No agreement made by the mortgagor could bind the mortgagee; it would be inequitable to compel the mortgagee to take the mill in a dismantled condition; personal property, thus voluntarily affixed to mortgaged real estate, necessarily becomes subject to the mortgage; there is no semblance of equity against the mortgagee in favor of the party who thus permits his personalty to become real estate, having notice of the mortgage by the record. Property, which has thus become real estate, can not be changed again so as to become personalty without the consent of the mortgagee.

Upon the foreclosure of such a mortgage, and the purchase by the mortgagee at the foreclosure sale, he buys the property as it stands, and not a dismantled mill, with its machinery and furniture gone; his subsequent sale of the mill to a

*bona fide* purchaser for value, without notice, will transfer the property as it stands. The former owner of such machinery is in no better condition than any other person who voluntarily annexes a fixture to real estate without consent of the party in interest, having notice of the interest. The cases cited in the principal opinion are decisive.

The petition ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.

Filed April 2, 1885.