## VAN ALEN vs. BLIVEN.

Where in a suit for slander it was incumbent upon the plaintiff to prove the signatures of the officers of a mutual insurance company to a policy issued to the plaintiff; *held* that a receipt signed by the defendant as an agent of the company, admitting the payment to him by the plaintiff of a sum of money for an assessment on account of the policy, referring to it by its number, together with proof of the genuineness of the signature of the secretary to the policy, was sufficient without proving the signature of the president of the company.

SLANDER, tried at the Columbia circuit, in September, 1844, before PARKER, C. Judge. The action was for words alleged

to have been spoken by the defendant, who was an agent of the "Saratoga Mutual Fire Insurance Company," imputing to the plaintiff the offence of fraudulently altering a policy of insurance issued to him by that company, by erasing certain words in the description of the property insured in order to cast upon the company, in the event which had happened, a loss which it had not assumed according to the terms of the policy as issued to the plaintiff.

The declaration alleged that the company, on the 7th day of July, 1838, made and delivered to the plaintiff a policy of insurance "signed and executed by Ransom Cook, then president of said company, and countersigned by Thomas J. Marvin, then secretary thereof," the substance of which, with the description of the insured property, is set out in the declaration. The policy, as set out, professed to insure the plaintiff's property for the term of five years. The declaration avers that certain words in the description of the property which appear to be erased, but which can yet be read, were erased as the same now appear when the policy was delivered to the plaintiff. It then states a loss of the property by fire, and the facts showing the material bearing of the erased words upon the rights of the parties. The words alleged to have been spoken by the defendant, impute to the plaintiff the erasing of the words in question with a fraudulent design, after the policy had been executed and delivered to him. Not guilty was pleaded. The plaintiff proved and gave in evidence a receipt signed by the defendant, as agent of the insurance company, dated October 15, 1841, admitting the payment by the plaintiff of two dollars for an assessment on his premium note given for policy No. 13,876. He then produced a paper purporting to be such a policy as that set forth in the declaration, which was numbered 13,876, and proved the genuineness of the signature of Thomas J. Marvin, subscribed thereto as secretary, but was unable to prove the signature of Mr. Cook, purporting to be subscribed to it as president. The plaintiff also proved the speaking by the defendant of the alleged slanderous words, to the effect stated in the declaration. The plaintiff then offered to read the policy in

evidence, insisting that the defendant's receipt, referring to the policy by the number, the proof of the signature of Marvin the secretary, and what the defendant had said concerning the erasure, was sufficient proof of the execution of the policy which was produced. The defendant objected, and the judge sustained the objection and excluded the policy; and being of opinion that the plaintiff could not recover without proof of the policy, he directed a nonsuit to be entered. The plaintiff excepted, and now moves for a new trial on a bill of exceptions.

*G. W. Bulkley & N. Hill, Jr.* for the plaintiff.

*D. Cady,* for the defendant.

*By the Court,* BEARDSLEY, J. If the execution of the policy of insurance offered in evidence by the plaintiff, had been duly proved, its exclusion by the court was erroneous, and a new trial must be had. The declaration alleges that the policy therein referred to was " signed and executed by Ransom Cook, then president of said company, and countersigned by Thomas J. Marvin, then secretary thereof," and it was incumbent on the plaintiff to show that this allegation was true. It was not denied or questioned on the trial that Cook and Marvin were officers of the company as alleged in the declaration; nor, as to Marvin, was it suggested that his signature to the policy offered in evidence had not been well proved. The objection to reading the policy as evidence was, that the genuineness of the signature—Ransom Cook—as president of the company, had not been proved, and on this ground alone, as I understand the bill of exceptions, was the policy offered in evidence rejected by the court.

The plaintiff sought to establish the due execution of this policy by Cook in two different modes.

1. Evidence was given to show that the defendant claimed to be agent of the Saratoga Mutual Fire Insurance Company, and had acted as such. A receipt, bearing date on the 15th of October, 1841, which was long after the date of this policy, was

proved to have been given by the defendant, said receipt being signed by him as such agent, and acknowledging to have received of the plaintiff two dollars, being an assessment on his note given for policy No. 13,876. The policy offered in evidence was of that number, and was signed Ransom Cook, president, and countersigned Thomas J. Marvin, secretary. The plaintiff further gave evidence to show that the signature of Marvin to the policy produced and offered in evidence, was genuine, and upon which no question was made by the defendant.

Let us see if here was not sufficient proof to authorize this policy to be read in evidence to the jury, on the plain principle that its genuineness had been conceded by the defendant.

If evidence had been given of an explicit admission by the defendant that this identical policy had been duly executed, it can admit of no doubt that this would have been competent and sufficient evidence, in the first instance, to prove that said policy had been executed by the persons and in the manner which its terms import. And under the circumstances of this case, as disclosed by the evidence, the receipt, made and executed by the defendant, seems to me fully equal to the most direct and explicit admission of the fact.

If this receipt had been endorsed on the policy offered in evidence, there could have been no doubt as to the identity of the policy to which the receipt had reference. But looking at the face of this receipt alone, we cannot ascertain what particular policy was intended to be referred to. It was a policy bearing a certain number, and was the one for which the plaintiff gave the note on which the payment mentioned in said receipt had been made : but the date of the policy is not given in the receipt, nor does it indicate the particular property or the amount insured. Extrinsic evidence was necessary, and was plainly admissible, to identify the policy referred to in the receipt, and such evidence, of a very satisfactory character, was given ; and which showed, as I think, very conclusively, that it had reference to the policy offered in evidence, and none other.

Van Alen *v.* Bliven.

The policy which the plaintiff offered to read to the jury bears the number 13,876, and so far corresponds with the receipt. I grant that a reference in a receipt, or any other paper, to a policy as of a certain number, cannot be taken as evidence that any and every writing, which purports to be a policy and bears that number, is genuine, for if such was its effect, it might establish the genuineness of an instrument which was really fictitious. Some extrinsic evidence must therefore be given to connect the receipt with the particular policy in question, as by the statement of a witness who was present at the execution of the receipt, and knows that a particular policy was present at that time, and was mentioned as the one to which the receipt had reference. Or some evidence should be given to render it probable that the policy produced and offered in evidence is a genuine instrument, although such evidence may fall short of establishing its complete execution; for upon such evidence, there being an apparent congruity in the two papers, it may reasonably be assumed that the receipt was intended to have reference to that particular policy, and thus its complete execution may be shown. Now, here was no direct evidence by one who was present at the giving of the receipt, to show that this was the policy to which that paper had reference: but it was proved that the signature to this policy, of Marvin as secretary, was genuine, which, although of itself insufficient to prove the execution of the policy by Cook, was quite sufficient for the purpose of showing that the receipt must have pointed to this policy and to none other. Assuming then, that the defendant intended to speak of this policy when he wrote and executed the receipt, it can be understood as importing nothing short of this—that is, that the company had made an assessment upon the plaintiff's note given for this identical policy, and that said assessment had been paid to him. Such a statement by the defendant, is certainly sufficient, in the first instance, to authorize this policy to be read in evidence against him, as a genuine instrument: it is, in fact, a very plain concession that the paper is genuine and not fictitious; and that concession, there

being no subscribing witness to this paper, was enough to au thorize and require its reception as evidence.

BRONSON, C. J. dissented.

New trial ordered.