## PRATT *vs.* GULICK and CLARK.

The principle is well settled that where a special contract is entered into which is entire, for the sale and delivery of property, a full performance by the vendor is a condition precedent to his right of action against the vendee, for the price of any part of the property delivered under the contract.

But when by the terms of a contract the performance by one party is not made dependent upon a prior performance by the other, the promises are independent; and each may maintain an action on the promise of the opposite party, in case of non-performance, without alledging or proving performance by himself.

In September, 1849, the plaintiff and the defendant entered into a contract whereby the plaintiff agreed to sell and deliver to the defendant a quantity

Pratt v. Gulick.

of lumber at $9 per 1000 feet, for which the defendant was to pay $300 by the 1st of December then next and for the balance to give two promissory notes, payable in June and October, 1850. In October, 1849, an alteration was made in the contract, by which the defendant promised that if the plaintiff would go on and deliver the lumber, he, the defendant, would make a note for $500 payable in June, 1850, and send it to the plaintiff to apply on the contract; to which the latter assented. The plaintiff delivered part of the lumber, but failed to deliver the residue, although the defendant sent the note as agreed. In an action brought upon the note, by the plaintiff; *Held* that the note being, upon its face, an absolute unconditional promise to pay the amount specified in it, and having in its terms, none of the qualities of a conditional agreement, the plaintiff could maintain an action thereon *without* averring or proving performance of the contract, on his part.

MOTION by the defendants for a new trial, upon a case. The action was brought upon a note for $500 made by the defendant Gulick and indorsed by the defendant Clark, on the 18th of October, 1849, payable to the plaintiff or bearer on the 15th of June, 1850. The cause was tried at the Steuben circuit in February, 1851, before Justice Johnson. On the trial the counsel for the plaintiff stated to the court that the execution of the note described in the complaint, by the defendant Gulick, and the demand of payment and notice of non-payment to the defendant Clark, was admitted in the pleadings in the said action, and then rested. The defendants then introduced certain evidence, which at the close of the trial was ordered to be stricken out as immaterial and irrelevant. The substance of this evidence is set out in the opinion of the court, and therefore need not be introduced here. The court directed the jury to find a verdict for the plaintiff for the amount of the note and interest, and they found accordingly.

*W. Barnes*, for the plaintiff.

*E. Howell*, for the defendants.

*By the Court*, T. R. STRONG, J. The evidence given by the defendants, which was stricken out on the trial, at the close of the proofs, as immaterial and irrelevant, showed that in September, 1849, a contract was made between the plaintiff and the defend-

ant Gulick, whereby the plaintiff agreed to sell and deliver to Gulick by the first day of November thereafter, a large quantity of merchantable lumber, supposed to be about 180,000 feet at $9 per thousand feet, for which Gulick was to pay $300 in cash by the first day of December then next, and for the balance of the purchase money to give two notes of equal amount, one payable in June, and the other in October, 1850 ; that afterwards, and in the month of October, 1849, some difficulty arose between them in respect to culling the lumber, and the taking of a portion of it by another person, and an alteration was made in the contract, by which provision was made for inspecting the lumber if the parties could not agree ; and Gulick promised that if the plaintiff would go on and deliver the lumber and perform the contract on his part, he, Gulick, would make a note for $500, payable in the month of June, 1850, and send it to the plaintiff to apply on the contract, to which the plaintiff assented ; that the plaintiff delivered part of the lumber but failed to deliver the residue ; and that he had not performed the contract.   It did not clearly appear what quantity of the lumber had been delivered, nor what part of that quantity was merchantable ; the only witness who testified to a delivery of part, stated about a boat load, and that a boat load was about 60,000 feet.   The evidence further showed that about the 20th of October, 1849, Gulick deposited in a post office, enclosed in a letter directed to the plaintiff at his residence, a note for $500, payable to the plaintiff sometime in the month of June following, with interest, signed by the defendants.  This proof of the identity of the note in suit with that sent to the plaintiff was not very strong, but I am inclined to think the jury would have been warranted in regarding it sufficient. (*Van Alen* v. *Bliven,* 4 *Denio,* 455.   *Pentz* v. *Winterbottom,* 5 *Id.* 51.   *Shaver* v. *Ehle,* 16 *John.* 201.)

It is claimed on the part of the defendants that the justice at the circuit erred in his decision striking out the evidence, and that the evidence established a full and perfect defense to the action.   The position taken by their counsel is that a full performance of the contract by the plaintiff was a condition precedent to his right to recover upon the note ; that the consideration

of the note was a full performance of the contract by the plaintiff, and that the plaintiff not having performed fully, the consideration of the note had failed.

If it be the case that payment of the note was to depend upon a complete performance of the special contract by the plaintiff, it is undoubtedly true that upon the proofs the plaintiff was not entitled to recover. The principle is well settled that where a special contract is entered into, which is entire for the sale and delivery of property, a full performance by the vendor is a condition precedent to his right of action against the vendee for the price of any part of the property delivered under the contract. (*McKnight* v. *Dunlop,* 4 *Barb.* 36, *and cases cited.*) The basis of this principle is that such is the contract which the parties have made; and the principle is but a recognition of the right of parties to make a contract of that character. When the terms of the contract do not make the performance by one party dependant upon a prior performance by the other, but the promise of each is the consideration for the promise of the other, a different rule prevails. In such a case the promises are independent; each may maintain an action on the promise of the opposite party, in case of non-performance, without alledging or proving performance by himself; but if the plaintiff has failed to perform, the defendant may set up and prove such non-performance, either as a partial or total defense, as the non-performance may be partial or total, and be allowed by way of recoupment any damages which he may have sustained by the breach, not extending however beyond the demand proved by the plaintiff. If the plaintiff in this case, instead of bringing an action on the note, had sued upon the special contract between him and Gulick for the price of the lumber delivered, it is very clear that the principle first stated would apply and be decisive against his demand. Performance by him was by the terms of the contract to precede performance by Gulick, beyond giving the note in question. But was the promise in the note made to depend on any act to be done by the plaintiff, and can that principle be applied to it? The note is upon its face an absolute unconditional promise to pay the amount specified in it.

It has not in its terms any of the qualities of a conditional agreement. It was not necessary for the plaintiff, in his action upon it to alledge or prove in the first instance, any thing in respect to the consideration, to entitle him to recover. Nor could the defendants be permitted to prove by parol that it was not to be paid but upon some condition. (*Erwin* v. *Saunders*, 1 *Cowen*, 249. *Payne* v. *Ladue*, 1 *Hill*, 116.) And if the note be viewed in connection with the consideration of it, the independent nature of the promise will be equally apparent. The proposition of Gulick was that if the plaintiff would go on and deliver all the lumber, he would give the note. The note was to be given anterior to the time appointed for performance by the plaintiff. The plaintiff assented, and the note was given. The consideration of the note was therefore the plaintiff's promise of performance. Gulick had then the verbal promise of the plaintiff to perform unconditionally, and the plaintiff had the note expressing an unconditional promise of payment. The case would thus appear to be directly within the doctrine above stated in respect to agreements where the undertakings of the parties are independent, and to be governed by it.

It necessarily follows from the views presented, that the principle upon which the defendants' counsel relies is inapplicable, and that his position cannot be sustained.

It is not made a point that the quantity of lumber delivered, estimating it at the contract price, was less in amount than the note, nor that Gulick sustained damages by reason of the non-delivery of the residue of the lumber, which he was entitled to be allowed by way of deduction from the sum recovered. There was no proof in respect to damages; and probably the evidence would not have justified the jury in finding that Gulick had not received lumber to the amount of the note. If there had been a proper foundation laid for those points, which I think was not the case, the evidence should have been submitted to the jury.

My conclusion upon the whole case is, that although the evidence stricken out was admissible, it did not make out a defense to the action, in whole or in part, and therefore no injustice

was done to the defendants by the decision in respect to it; if so, a new trial should not be granted.

The motion for a new trial is therefore denied.

[CAYUGA GENERAL TERM, June 7, 1852. *Selden, Johnson* and *T. R. Strong,* Justices.]