Hedderich v. Smith.

No. 11,583.

HEDDERICH v. SMITH.

LANDLORD AND TENANT.—*Right of Tenant to Remove Buildings Erected by Him.*—A tenant who, for the better enjoyment of the premises, erects buildings thereon, may remove them at any time before his tenancy ceases, if the removal can be accomplished without permanent injury to the freehold.

SAME.—*Failure to Remove During Tenancy.*—Where a tenant, while rightfully in possession, neglects to remove buildings erected by him, he is presumed to have abandoned them, unless his right to remove them afterwards is reserved by agreement with the landlord.

SAME.—*Accepting New Lease Without Reserving Fixtures.—Waiver.*—Although a tenant continues in possession after the expiration of his original term, yet, if he holds under a new lease, in which no provision for the removal of the fixtures is made, he is treated as having abandoned his right thereto.

From the Marion Superior Court.

*B. F. Davis* and *S. A. Forkner,* for appellant.

*T. S. Rollins,* for appellee.

MITCHELL, C. J.—Elizabeth D. Smith, as owner of certain premises in the city of Indianapolis, brought this suit against Hedderich, who was in possession, to restrain him from removing therefrom a "club-house" which had been erected thereon, and other alleged fixtures, which it was claimed were a part of the freehold.

The case was put at issue and tried by the court, the result being a finding and judgment for the plaintiff below.

On appeal to the general term, the only error assigned was that the court at special term erred in overruling the appellant's motion for a new trial. Under the settled practice, no alleged errors will be considered here except such as were assigned at the general term. *Miller* v. *State, ex rel.,* 61 Ind. 503.

It is a question whether the bill of exceptions containing the evidence is certified by the judge in such manner as to entitle it to consideration here, but, waiving the alleged irreg-

ularities in that regard, we find the following undisputed facts exhibited in the evidence:

The plaintiff took title to the premises from her deceased husband, Ebenezer Smith. The place was known as " Volk's Garden," and had upon it one building which was used as a saloon, and another called the " club-house." The club-house was built by one Baldus while occupying as tenant of Smith. In April, 1879, Hedderich, with the knowledge and consent of Smith, purchased the club-house and fixtures. of Baldus, paying therefor seven hundred dollars in cash. Contemporaneously with the purchase from Baldus, he took a lease of the premises from Smith for a term of three years. Whether by the terms of this lease the right to remove the property in dispute was reserved, does not appear. During the continuance of this lease Smith died, and his widow succeeded to his title.

At the expiration of the term, Hedderich leased the premises from Mrs. Smith for a term of one year, at a stipulated rent, payable monthly. The rent reserved for the new term was different from the old. The lease contained the usual covenants for repair by the tenant, and for the surrender of the premises at the expiration of the term without waste. There is in it no reservation of a right to remove any building or fixtures annexed to, or situate upon, the land. Some repairs and alterations were made to the club-room by the tenant during his term, and he asserted the right to remove it and the fixtures which he had purchased from Baldus. Whether the building was so annexed to the freehold as to become part of it, or whether it could be removed without injury to the reversion, were propositions asserted on one hand and denied on the other, but as the finding of the court was for the plaintiff, it must be assumed here that it was so annexed.

That a tenant who, for the better enjoyment of the leasehold, erects thereon buildings, may, at any time before his right of enjoyment ceases, remove such buildings if the re-

moval can be accomplished without permanent injury to the freehold, is well settled. It is equally well settled that if he neglects to remove them during his rightful continuance in possession, unless his right to do so afterwards is reserved by agreement with the landlord, he is presumed to have abandoned them, and his right ceases. *Cromie* v. *Hoover*, 40 Ind. 49; *Allen* v. *Kennedy*, 40 Ind. 142; *Hamilton* v. *Huntley*, 78 Ind. 521 (41 Am. R. 593); *Griffin* v. *Ransdell*, 71 Ind. 440.

Assuming that the tenant had the right to remove the building and fixtures during the continuance of his first term, the question still remains, what was the effect of his taking a new lease upon different terms from Mrs. Smith, without reserving any right of removal?

Without question, if there had been nothing more than an extension of the old lease upon the same terms, the respective rights of the parties would have remained the same. The acceptance of a new lease upon different terms was, however, the creation of a new tenancy. It would seem that when the new lease was made, it was a lease of the whole estate as it then existed, including the club-house now in dispute, with whatever else was a part of the freehold. This estate the lessee covenanted to maintain in repair, and at the expiration of his term surrender up. It results from the terms of the lease, that whatever constituted a part of the freehold at the time the lease was accepted must be surrendered at its termination, and the lessee will not be permitted to say that part of the premises leased was in fact a trade fixture, erected by him under a previous lease, and that he has the right, against the face of his contract, to sever and remove it. To permit the tenant to do this would, in effect, be to permit him to deny the title of his landlord to part of the demised premises; and if he may deny his title to a part, why not to the whole? The acceptance of the new lease was an effectual surrender of the old, together with the estate and all other rights which the old lease secured to him. Thenceforth he was in as of a new estate, which is to be measured by the condition of things

existing when it commenced, and by the covenants, conditions and reservations contained in the new lease, from which the rights of the parties must be determined and regulated.

Upon this subject the elementary writers are agreed. Accordingly, the rule is stated by an approved author thus: "But, while a tenant may remove a trade fixture at any time during his original term, or any renewal thereof, yet, although he continues in possession after the expiration of his original term, *if he holds under a new lease, in which no provision for the removal of the fixtures is made*, he is treated as having abandoned his right thereto." Wood Landlord and Tenant, section 532. So, also, in Taylor Landlord and Tenant, section 552, the author says: "If a tenant, at the close of his term, renews his lease, or surrenders it, for the purpose of acquiring a fresh interest in the premises, he should take care to reserve his right to remove such fixtures, as he had a right to sever under the old tenancy. For where his continuance in possession is under a new lease or agreement, his right to remove fixtures is determined, and he is in the same situation, as if the landlord, being seized of the land together with the fixtures, had demised both to him."

The principles above stated are sustained by the adjudications of the courts in the following, among other, well considered cases: *Loughran* v. *Ross*, 45 N. Y. 792 (6 Am. R. 173); *Watriss* v. *First Nat'l Bank, etc.*, 124 Mass. 571 (26 Am. R. 694); *Jungerman* v. *Bovce*, 19 Cal. 354.

It results that the judgment of the Marion Superior Court was right, and it is accordingly affirmed, with costs.

Filed Sept. 25, 1885.