Filed Oct. 1, 1891.

---

No. 321.

## SPADES *v.* MURRAY.

TRESPASS.—*Entry by Authority of Law.—By License from Party.—Trespass Ab Initio.*—Where an entry, authority or license is given any one by the law, and he abuses it, he becomes a trespasser *ab initio;* but where an entry, authority or license is given by the party, and he abuses it, then he must be punished for his abuse, but will not be a trespasser *ab initio.*

INSTRUCTION TO JURY.—*Issues.*—An instruction not within the issues of the case is erroneous.

LICENSE.—*Consideration.*—A consideration is not essential to the validity of a license.

LANDLORD AND TENANT.—*Entry by Lessor to Make Repairs.—Exceeding Terms of License.—Trespass Ab Initio.*—Where the lessor, in pursuance of a license from the lessee, enters upon the leased premises during the term to make repairs, and after the entry exceeds the terms of the license, he does not thereby become a trespasser *ab initio,* but is liable only for the acts done in excess of his authority.

SAME.—*Wrongful Entry.—Abuse of Authority Must be Pleaded Specially.*—In an action by the lessee against the lessor for a wrongful entry, where the lessor pleads as a defence a license and an agreement to enter, an abuse of the authority given can not be shown under the general denial, but must be pleaded specially.

SAME.—*Instruction.*—In such action, where the lessee replies to such defence by the general denial only, an instruction to the jury that the

lessee is entitled to recover if the terms of the license were exceeded after the entry, is erroneous, because not within the issues.

SAME.—*Instruction.*—The lessor, after pleading the license in one paragraph, alleged in another an extension of the lease in consideration that the lessee would permit the lessor to enter upon the premises before the expiration of the time named in the original lease to make repairs. The court, which had already charged that a violation of the terms of the license would make the lessor a trespasser *ab initio*, charged as to the agreement that the instruction in reference to the license would apply to the agreement.

*Held*, error, as charging, in effect, that if the lessor violated a part of the agreement, he thereby became liable in damages for a total violation.

From the Marion Circuit Court.

*J. M. Winters*, for appellant.

*H. N. Spaan*, for appellee.

ROBINSON, J.—The appellee commenced this action against the appellant.

The complaint is in three paragraphs. The first paragraph in the complaint alleges that appellant did, on the 15th day of September, 1888, lease, in writing, to the appellee, the premises therein described, in the city of Indianapolis ; that by the terms of the lease it expired on the 15th day of September, 1889 ; that before the lease expired, and while the appellee was in possession, the appellant forcibly and wrongfully entered the premises, and by his direction and under his authority divers persons tore said premises down, and altered the same, thereby throwing down dust and *debris* upon the goods of the appellee then in said premises, thereby injuring, damaging, and destroying said goods. The paragraph sets out an itemized account of damages, and demands judgment, etc.

The second paragraph sets up the same lease, and the terms thereof, and alleges an agreement between appellee and appellant that the appellee might hold the premises until after the State fair, to be held in 1889, upon the same terms as in the written lease ; but that appellant, after said written lease had been extended, and while the agreement

was in force, forcibly and wrongfully entered on the premises and tore down, etc., causing damage and injury to appellee's personal property. An itemized account of damages is set out, as in the first paragraph, and plaintiff demands judgment, etc.

The third paragraph pleads the same lease, alleges the same extension of time, wrongful entry on the 13th day of September, 1889, before the expiration of the written lease, and wrongful possession continuously thereafter until the close of the State fair, injury to personal property, and injury to the appellee's business, which is specially alleged, and demand for judgment, etc.

A copy of the lease was made a part of the complaint.

The appellant answered in three paragraphs: 1. General denial. 2. License. 3. Pleads an agreement.

The paragraph pleading license is as follows, viz.:

"And for a further and second paragraph of answer to said complaint the defendant says that said plaintiff ought not to have or maintain this action against him, because, he says, that he, the said defendant, at the said several times when the plaintiff alleges himself to have been damaged, as set forth in said complaint, this defendant, by leave and license of the said plaintiff to him for that purpose first expressly given and granted, began, made and completed certain necessary repairs to the premises mentioned in the complaint, as he lawfully might do under plaintiff's express leave and license aforesaid, and not otherwise ; and defendant states that no injury, other than that necessary for the doing and making of said repairs, hath come to plaintiff by reason of the supposed damages in the complaint mentioned."

And the agreement set up in the third paragraph is as follows, viz. :

"And, for a third paragraph of answer to the complaint herein, said defendant says that it is true, before the expiration of the lease in the complaint set out, a new agreement was made to cover the time of the State fair, then about to

be held in the city of Indianapolis, Indiana, and upon these terms, to wit: It was mutually agreed and understood by and between the plaintiff and the defendant herein, on or about the 12th day of September, 1889, that if the said plaintiff would permit this defendant to enter upon the said premises and make certain specified and necessary repairs, said plaintiff might continue in the possession of said premises during the continuance of said fair without other compensation or consideration; and said plaintiff did so remain in possession of said premises in pursuance of said agreement, and not under any other or different contract; and it was under and by reason of said agreement that this defendant entered upon said premises and made said necessary repairs."

Appellee replied by general denial to the answers.

The appellant filed a counter-claim, claiming damages against the appellee for waste and destruction of the leased premises in the sum of $2,100, and to the counter-claim the appellee answered by general denial. And upon the issues thus formed the cause was tried and submitted to a jury, who returned a verdict for the appellee in the sum of $500.

The appellant filed his motion for a new trial, which was overruled and exception taken, and judgment was rendered on the verdict. The evidence is in the record.

The first contention of the appellant is, that the court erred in the second instruction given to the jury of its own motion, that the instruction did not present the law of this case, and was not within the issues. The instruction is as follows, viz.:

" Second. The defendant specially answers admitting the entry and the making of the alterations, and says affirmatively that it was on the express leave and license of the plaintiff. The burden of establishing that defence, of course, rests upon the defendant, and must be shown by a preponderance of the evidence. If it is shown, it is a complete de-

fence to the plaintiff's claim for damages for the entry, unless you further find that after the defendant obtained entrance into the premises, and entered upon the prosecution of the purpose for which he had leave to enter, he departed from that purpose, went beyond it, and committed trespass beyond the terms of the license by which he was authorized to enter. If he went beyond the extent of the repairs contemplated by the license under which he entered, exceeded his authority, and did greater damage to the defendant's building than by the terms of his license he was entitled to, he would, by that exercise of wrongful acts after the entry, become a trespasser from the beginning, and would be there as if he had no license at all, and would be liable to the plaintiff for any damages that he sustained. In other words, the license would avail him nothing if he did not pursue its terms, and confine himself within its limits."

That part of the instruction which, under the facts therein stated, charged the jury that the appellant would "become a trespasser from the beginning, and would be there as if he had. no license at all, and would be liable to the plaintiff for any damage that he had sustained. In other words, the license would avail him nothing if he did not pursue its terms, and confine himself within its limits,"—was clearly erroneous.

License is an authority, or privilege, given to one by the law, or by the party, to enter, or to do an act, or series of acts, upon the land of another, and may exist either in law or in fact.

Where an entry, authority or license is given any one by the law and he abuses it, he becomes a trespasser *ab initio ;* but where an entry, authority, or license is given by the party and he abuses it, then he must be punished for his abuse, but will not be a trespasser *ab initio.*

Under the second paragraph of the answer, it is alleged that appellant entered in pursuance of express license and authority from the appellee, and not under an authority con-

ferred by law. The answer brings this question within the rule in all of the cases, that where the plaintiff himself gives authority to enter upon his premises or into his house, he can not, because the defendant exceeds or abuses his authority, convert that which was originally done under the sanction of his own license into a trespass, but must seek his remedy for the acts done in excess of authority by some other proper action. *Bennett* v. *McIntire*, 121 Ind. 231, and cases cited; Cooley Torts, 306; *Allen* v. *Crofoot*, 5 Wend. 507; *Tea* v. *Gates*, 10 Ind. 164, note 1; 13 Am. & Eng. Encyc. of Law, 546, under title of "License."

. This instruction can not be sustained, and it was not cured by any other or different instruction.

Appellant further contends that the court erred in the fifth instruction. This instruction relates to the measure of damages under the complaint, and the counter-claim, etc. The part of the instruction objected to is as follows, viz.:

"5th. If you should find the complaint established either that the entry was unauthorized, or that it was under a license, the terms of which were exceeded or violated after the entry, then, on the complaint, the plaintiff would be entitled to recover, and your duty would be next to assess his damages," etc.

It is claimed that this instruction was erroneous because it was not within the issues in the case; that the second and third paragraphs of the answer, which plead license and agreement to enter, go not only to the gist of the action, the "forcibly and wrongfully entering," but to the entire complaint, and state a complete defence; that the reply of general denial to the answers formed the only issue in the case which was, did the appellee give the appellant license or authority to enter upon the premises to make the repairs?— and this being the issue in the case, the appellee could not recover for injuries caused by acts beyond the license without setting up the facts by replication to the answer.

It is clear from the evidence that appellant based his de-

fence upon the issue thus formed, and introduced evidence upon the trial tending to prove this defence. The law is, " that in an action of trespass if the authority be pleaded the subsequent abuse must be replied."

In *West* v. *Blake*, 4 Blackf. 234, it was held that " The doctrine is well settled, that when the plea justifies the gist of the action, it is an answer to the whole declaration, and that if the plaintiff intends to rely upon matter showing that the defendant exceeded the right or authority alleged in his justification, he must reply it specially, and can not adduce it in evidence under the general replication."

*Bennett* v. *McIntire, supra*, is directly in point. In that case the court says : " As we have seen, the *gravamen* of the action being the breaking and entering the plaintiff's close, the defendant's lascivious conduct having been alleged merely by way of aggravation, the answer fully justified the entry by showing leave from the plaintiff. It was, therefore, incumbent on the plaintiff to new assign, by way of replication, such special matter as to make it appear, if he could, that the defendant was a trespasser *ab initio*, notwithstanding the license. *Taylor* v. *Cole, supra*. This he attempted to do."

In 1 Chitty Pleadings, p. 622, the rule is thus stated : " If the plaintiff did license the defendant to commit some acts, then he should reply a revocation, or new assign that he brought his action for other different trespasses."

This rule was not changed by our code of practice.

The appellee insists that, as the answer alleged " that no injury other than that necessary for doing and making said repairs hath come to the plaintiff," etc., therefore the general denial presented the issue. We can not concur with the appellee. The allegation in the answer did not relieve the appellee from new assigning, by way of replication, such special matter, if he could, that would have made the appellant a trespasser *ab initio*, notwithstanding the license. That part of the instruction containing the words " or that

it was under a license the terms of which were exceeded, or violated, after the entry," was erroneous, as not being within the issues.  *Terry* v. *Shively*, 64 Ind. 106; *Howe, etc., Co.* v. *Reber*, 66 Ind. 498; *Thomas* v. *Dale*, 86 Ind. 435; *Taylor* v. *Burk*, 91 Ind. 252.

Appellant also contends that the court erred in giving the seventh instruction, as follows, viz.:

"*Seventh.*  One paragraph of the answer of defendant, instead of pleading mere license, also sets up this agreement of extension at the time, and says that was in consideration that plaintiff would permit defendant to enter upon the premises before the expiration of the time named in the original lease to make these repairs.  Of course that is merely pleading a consideration for the license, and everything I have said in reference to the license would apply to that.  If defendant violated the agreement by which he was permitted to enter, after he went in, he would violate the license.  The same rule would apply."

It would seem from what we have held in regard to the second instruction, that the conclusion we have reached as to that instruction applies to the seventh as well; that, therefore, if the second was erroneous, the ground upon which the court places the seventh made it erroneous also; besides, the seventh instruction was misleading.  License *sui generis* will stand alone.  No consideration to make it valid is essential, and a consideration is not presupposed. True, a consideration may be involved, and the effect and scope of the license is often controlled by the consideration. A license is nothing but an authority revocable at pleasure. Such is not the case of a valid agreement upon sufficient consideration.  The third paragraph sets up a valid agreement upon sufficient consideration.  But the court, in the instruction, makes no distinguishing difference between the agreement pleaded and the license.  It was a necessary result, under the view entertained by the court, as expressed in the instruction, that if the jury found the agreement vio-

lated, they should assess damages for a total violation. We do not think it is the law, where a party violates a part of an agreement, that he thereby becomes liable in damages for a total violation ; nor is such the law in respect to a license. *Pierrepont* v. *Barnard*, 6 N. Y. 279 ; *Pratt* v. *Ogden*, 34 N. Y. 20 ; Wood Landlord and Tenant, section 351.

There are other causes assigned in the motion for a new trial, discussed by the appellant, but having reached the conclusion that the cause, on account of the errors in the instructions, must be reversed, it is not necessary to consider other questions.

The judgment is reversed at appellee's costs, with instructions to grant a new trial, and for further proceedings in accordance with this opinion.

Filed Oct. 1, 1891.