[No. 4417. Decided December 23, 1902.]

L. D. SPENCER, *Appellant,* v. THE COMMERCIAL COM-
PANY, *Respondent.*

LANDLORD AND TENANT — WRONGFUL EVICTION — COMPLAINT — ALLE-
GATION OF RENT PAYMENT.

The payment of rent is not a condition precedent to the quiet
enjoyment of leased premises, and therefore need not be alleged
as performed in the complaint in an action for wrongful eviction.

SAME — COVENANT AGAINST SUBLETTING.

Under a covenant in a lease whereby the tenant agrees "not to sublet the whole of said premises nor assign this lease without the written consent" of the landlord, the latter is not entitled to re-enter and evict the tenant because of the fact that he sublet parts of the premises less than the whole.

SAME — FORCIBLE EVICTION — RIGHT OF LANDLORD.

The common-law right of a landlord to forcibly regain possession of leased premises has been abrogated under the statutes of this state giving a remedy upon the tenant's failure to perform the conditions of the lease, and this is so, notwithstanding an agreement permitting the landlord to take possession by force.

SAME — REMOVAL OF FIXTURES.

Where a tenant enters into a new lease, making no mention of a former lease or tenancy, and with no reservation for removal of fixtures placed under the former lease, his right to remove fixtures is thereby precluded.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Reversed.

*G. Ward Kemp,* for appellant.

*Ira Bronson* and *Kenneth Mackintosh,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This was an action by a tenant against his landlord for damages on account of an alleged wrongful eviction. A motion to strike certain parts of the complaint was sustained, and subsequently a general demurrer to the complaint was also sustained, and the action dismissed. This appeal is to review the rulings of the court upon these two questions.

We shall consider the ruling upon the demurrer first. The complaint alleges in substance that on the 14th day of July, 1899, defendant executed and delivered to plaintiff a written lease, thereby leasing to plaintiff for a term of three years, begining July 1, 1899, and ending July 1, 1902, a certain described warehouse at a monthly rental of

$50; that, at the time of the execution of the said lease, plaintiff was in possession and then subletting parts of the premises to other persons; that on the 1st day of January, 1902, such sub-tenants were paying to plaintiff the sum of $175 per month, and, but for the wrongful eviction hereinafter alleged, would have paid the said sum to the plaintiff till the expiration of the term of said lease; that on the 1st day of January, 1902, defendant notified said sub-tenants not to pay any more rent to plaintiff, but to pay the same to defendant, and that, on their failure so to do, defendant would eject them from the premises; that defendant further refused to treat with plaintiff as tenant, as provided by said lease; that on February 1, 1902, defendant further entered upon said premises and notified said sub-tenants that they must pay all rents to defendant or be ejected from the premises, and that defendant was the owner and in possession of the premises, and that plaintiff had no rights therein; that subsequently defendant cut the water pipes supplying water used by said sub-tenants, and collected the rents due plaintiff from said sub-tenants; that by the acts of defendant plaintiff was wrongfully evicted from said premises, and was thereby compelled to abandon, and did abandon, the premises, to his damage. Before the demurrer or motion was heard by the court, the defendant made a demand upon the plaintiff to produce and serve upon defendant a copy of the lease of June 14, 1901, and plaintiff thereupon served and filed a copy of the lease, the provisions of which, so far as they affect the motion and demurrer, are as follows:

"This indenture, made this 14th day of June, in the year of our Lord one thousand eight hundred and ninety-nine, between the Commercial Company, a corporation, of Seattle, Washington, the party of the first part, and L. D. Spencer, of the said city of Seattle, the party of the second

part, Witnesseth: That the said party of the first part does by these presents, lease and demise unto the said party of the second part, those certain premises now occupied by the party of the second part as a warehouse, situate upon a portion of lot 1, block 198, of the plat of the Seattle Tide Lands, in King county, state of Washington, with the appurtenances, for the term of three years from the first day of July, 1899, at the monthly rent or sum of $50 per month, payable in lawful money of the United States of America, in advance, on the 1st day of each and every month during said term. . . . And it is hereby further agreed that if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to re-enter the said premises and remove all persons therefrom; and the said party of the second part hereby covenants, promises, and agrees to pay the said party of the first part the said rent in the manner hereinbefore specified, and not to underlet the whole of said premises, nor assign this lease, without the written consent of the said party of the first part. And at the expiration of the said term the said party of the second part will quit and surrender the said premises in as good state and condition as reasonable use and wear thereof will permit (damage by the elements or fire excepted)."

It is insisted that the complaint, when read in connection with the lease, discloses no cause of action, for the reason that there is no allegation of performance by the appellant of conditions precedent to his right to possession of the premises. No authority directly in point is called to our attention, but authorities are cited by respondent to the effect that, to entitle the party to recover for a breach of contract, he must allege performance on his part of the conditions precedent. This is no doubt the rule, but the question immediately arises, is the payment of rent under this lease a condition precedent to the quiet enjoyment of the premises by the appellant? A condition precedent is

defined by Mr. Taylor, in his work on Landlord & Tenant
(at § 275, Vol. 1, [8th ed.]), as follows:

"Where the condition must be performed before the es-
tate can commence, it is called *a condition precedent;* but
where the effect of a condition is either to enlarge or defeat
an estate already commenced, it is called a *condition subse-
quent.* The former avoids the estate, by not permitting
it to vest until literally performed; while the non-perform-
ance of the latter defeats the estate by divesting the party
of his title, and the interest already vested; because its
continuance is made to depend upon the performance of the
act, or the happening of the stipulated contingency."

See, also, 2 Wood, Landlord & Tenant (2d ed.), § 510.
The lease provides that the rent shall be paid "in advance
on the first day of each and every month during said term;"
also, "if any rent shall be due and unpaid, or if default
shall be made in any of the covenants herein contained,
then it shall be lawful for the said party of the first part
to re-enter the said premises and remove all persons there-
from." The most that can be claimed for this provision
is that the lessor reserves thereby a right or license to re-
enter. The lease, according to its terms, is not necessarily
terminated on failure to pay rent, but the lessor *may at his
option* re-enter and thereby terminate the tenancy, or he
may continue the tenancy indefinitely. The lessee had
taken possession of the premises. The effect of the condi-
tion in the lease was to defeat an estate already commenced.
It was clearly a condition subsequent. The payment of
rent, therefore, is not a condition precedent to the quiet en-
joyment of the premises, and need not be alleged in the
complaint.

It is next insisted that the complaint is insufficient be-
cause, by the terms of the lease, if default is made in any
of the covenants, the lessor may re-enter and remove all
persons therefrom; that the complaint shows that there

has been such breach as to entitle respondent to re-enter, and that he has re-entered.   The complaint shows that, at the time of the execution of the lease, plaintiff was in possession of the premises, "and was then sub-letting, and has ever since sub-let, *parts* of said premises to other persons."   The lease states that the lessor (appellant) promises and agrees "not to sublet the whole of said premises nor assign this lease without the written consent" of the respondent.   This is an express provision not to sublet the whole of the premises or to assign the lease without written consent.   These provisions are strictly construed.   1 Taylor, Landlord & Tenant (8th ed.), § 403. The language used contains a strong implication that the tenant may sublet parts of the premises, because he is enjoined not to *sublet the whole or assign the lease.*   Taken in connection with the allegation that at the time the lease was made the appellant was then subletting parts thereof, this is conclusive that the parties intended the subletting of parts less than the whole.   We think that, under these circumstances, it is not shown that the respondent was entitled to re-enter and evict the appellant from possession of the premises.

If the respondent by the terms of the lease had a right to terminate the lease for either of the causes named, we cannot agree that he may take the law in his own hands and by force or strategy, as is alleged in this case, evict the tenant.   There is no doubt that parties to a lease may provide for a forfeiture upon non-compliance with certain conditions.   Under the common law in such cases the lessor might regain possession by force.   2 Taylor, Landlord & Tenant (8th ed.), §§ 531 and 532; 2 Wood, Landlord & Tenant (2d ed.), § 537.   But this rule, which makes the landlord a law unto himself; is not conducive to good business principles or to good order, and for that

reason is not looked upon with favor. The statutes of this state (§ 5527, Bal. Code), provide a speedy, adequate, and orderly method for a landlord to obtain possession of his property upon failure of the tenant to pay rent, or upon failure to perform any other condition or covenant contained in a lease. These statutes we think should be held to provide an exclusive remedy, notwithstanding an agreement permitting possession to be taken by force.

In the case of *McClellan v. Gaston,* 18 Wash. 472 (51 Pac. 1062), which was a case where a clause in a chattel mortgage provided that, if the mortgagee should fail to make the payments as agreed, the mortgagor might take possession of the mortgaged property, using all necessary force so to do, this court said (at page 476):

"There is no doubt that such clauses are legitimate in mortgages and confer rights upon the mortgagees, but those rights must be enforced as every other contractual right is enforced. Because a party to a contract violates his contract and refuses to do what he agreed to do, is no reason why the other party to the contract should compel the performance of the contract by force. The adoption of such a rule would lead to a breach of the peace, and it is never the policy of the law to encourage a breach of the peace. The right to an enforcement of this part of the contract must, in the absence of a consent on the part of the mortgagor, be enforced by due process of law the same as any other contract."

This reasoning is particularly applicable to the case at bar. If clauses of this kind in a lease may be summarily enforced by the parties thereto by force, then the statutes of the state defining unlawful detainer and providing a remedy by which a landlord may obtain possession may be entirely abrogated by contract which permits landlords to take the law into their own hands. When the complaint alleges the execution of the lease and possession thereunder,

and facts showing a wrongful eviction and damages, a cause of action is stated. The facts showing forfeiture or voluntary surrender, or any other matters of that kind, are proper to be set up in the answer. *Collins v. Hall,* 5 Wash. 366 (31 Pac. 972); *Spades v. Murray,* 2 Ind. App. 401 (28 N. E. 709).

It is next urged that the court erred in striking out of the complaint paragraph 5 thereof, which paragraph is as follows:

"That plaintiff has been in continuous and uninterrupted possession of said premises from July 1, 1894, until evicted as herein set out; that under his lease therefor, prior to that described in paragraph two hereof, he was authorized and permitted to make such improvements in and about the premises as should become necessary as trade fixtures for the business of himself and sub-tenants, with the privilege of removing such improvements and fixtures when he should desire to give up possession of said premises; that, relying on his rights as a tenant, plaintiff erected on said premises certain trade fixtures, consisting of an hydraulic elevator, at an expense of $250, and also constructed two floors and various partitions in said warehouse, at an expense of $750; that defendant, with full knowledge that plaintiff had erected said improvements under right to remove the same while in possession, executed said lease described in paragraph 2 aforesaid, whereby the right of plaintiff to remove said fixtures while in possession was continued during the period of said lease, together with the right to erect and remove additional trade fixtures as should become necessary for his use of such premises; that subsequent to July 1, 1899, plaintiff erected in said warehouse a chimney and various partitions at an additional expense of $250; that all of the foregoing described improvements were made by plaintiff to enable him to make a profitable use of the premises, and with the intent that they should not become a part of the property of defendant, and that they could be removed without injury to the freehold as it was then leased to plaintiff; that by rea-

son of the unlawful eviction of plaintiff by the acts and assumption of possession of the defendant over said premises and fixtures, he has been deprived of the right to remove such fixtures, which were then so leased by plaintiff, of the value of $1,260."

The lease executed June 14, 1899, which is made a part of the record, makes no mention of any prior lease, and does not refer in any manner thereto, except to say that the leased premises are "now occupied by the party of the second part." No reservation is made therein that the appellant may make improvements or erect fixtures which may be removed at the expiration of the lease. The question therefore presented is, did the appellant, by executing the new lease on June 14, 1899, waive his right to remove the fixtures and improvements placed under the old tenancy? The weight of authority seems to be that where the tenant enters into a new lease, making no mention of a former lease or tenancy, and with no reservation for removal of fixtures placed under the former lease, his right to remove fixtures is thereby precluded. 2 Taylor, Landlord & Tenant (8th ed.), § 552; 2 Wood, Landlord & Tenant (2d ed.), § 529; 13 Am. & Eng. Enc. Law (2d ed.), 651; *Loughran v. Ross,* 45 N. Y. 792 (6 Am. Rep. 173); *Talbot v. Cruger,* 151 N. Y. 117 (45 N. E. 364); *Watriss v. First National Bank,* 124 Mass. 571 (26 Am. Rep. 694); *Jungerman v. Bovee,* 19 Cal. 355; *Marks v. Ryan,* 63 Cal. 107; *Carlin v. Ritter,* 68 Md. 478 (13 Atl. 370, 6 Am. St. Rep. 467); *Hedderich v. Smith,* 103 Ind. 203 (2 N. E. 315, 53 Am. Rep. 509); *Williams v. Lane,* 62 Mo. App. 66. The reason for this rule is stated in *Hedderich v. Smith, supra,* as follows:

"It results from the terms of the lease, that whatever constituted a part of the freehold at the time the lease was accepted must be surrendered at its termination, and the

lessee will not be permitted to say that part of the premises leased was in fact a trade fixture, erected by him under a previous lease, and that he has the right, against the face of his contract, to sever and remove it.   To permit the tenant to do this would, in effect, be to permit him to deny the title of his landlord to part of the demised premises; and if he may deny his title to a part, why not to the whole ?"

In the case of *Carlin v. Ritter, supra,* the court says:

"If it was the intention of the parties in this or any other similar case, that the right to remove fixtures should continue, nothing was easier than to insert in the lease a clause to that effect; and it seems to us reasonable to infer from the absence of such a clause that it was their intention that this right should no longer continue."

"This rule, moreover, does not apply when the tenant merely holds over without a new demise, under permission from the landlord, or in such a way as to raise an implication of an extension of the original lease."   13 Am. & Eng. Enc. Law (2d ed.), p. 561, and cases cited.   2 Wood, Landlord & Tenant, § 552; 2 Taylor, Landlord & Tenant, § 529; *Estabrook v. Hughes,* 8 Neb. 496 (1 N. W. 132); *Wright v. MacDonnell,* 88 Tex. 140 (30 S. W. 907); *Young v. Consolidated Implement Co.,* 23 Utah, 586 (65 Pac. 720); *Lewis v. Ocean Navigation Pier Co.,* 125 N. Y. 341 (26 N. E. 301); *MacDonough v. Starbird,* 105 Cal. 15 (38 Pac. 510); *Glass v. Colman,* 14 Wash. 635 (45 Pac. 310).

Opposed to the rule that the taking of a new lease waives the right of removing fixtures, are the cases of *Kerr v. Kingsbury,* 39 Mich. 150 (33 Am. Rep. 362), and *Second National Bank v. O. E. Merrill Co.,* 69 Wis. 501 (34 N. W. 514).   These cases are not distinguishable from the cases above cited.   They are not without reason to support them, but we think the better rule, supported by the great weight of English and American authority, is the one followed by the lower court in striking paragraph

34-30 WASH.

from the complaint. This ruling was, therefore, not error.

For the error in sustaining the demurrer, the cause is reversed and remanded for further proceedings.

REAVIS, C. J., and ANDERS and FULLERTON, JJ., concur. DUNBAR, J., dissents.