Frank Laveites, Plaintiff, *v.* Louis Gottlieb, Alexander Hoodack and Hyman Gold, Defendants.

(Supreme Court, Kings Special Term (Trials), April, 1921.)

Pleading — breach of covenant — when covenant of quiet enjoyment not dependent upon payment of rent.

> A breach of covenant based upon the personal acts of the covenantor is sufficiently alleged by negativing the covenant.
>
> Where an allegation of the complaint in an action of covenant, that in the lease, which is neither set forth nor a copy attached, defendants covenanted that plaintiff should peaceably and quietly occupy the premises, is followed by allegations that plaintiff has not been permitted peaceably to occupy and enjoy the possession of the premises, but on the contrary after the commencement of the term and on dates stated " the defendants unlawfully and without authority in law and with force, entered upon the same and ejected this plaintiff therefrom and have ever since kept him out of possession," but there is nothing to show that defendants' covenant for quiet enjoyment was dependent upon plaintiff's payment of rent, the complaint is good on demurrer, though it fails to allege that plaintiff had paid the rent called for by the lease.
>
> If the covenant to pay rent was not a condition precedent the covenant for quiet enjoyment was independent, and the failure of the plaintiff to live up to his obligation, is no answer to an action for defendants' breach of their covenant.

Demurrer to complaint.

Effingham L. Hollywell, for plaintiff.

Henry I. Perlin (Felix M. Rosenstock and Harris B. Rotkowitz, of counsel), for defendants.

CROPSEY, J. The sufficiency of the complaint is challenged by demurrer. The action is one of covenant. The complaint alleges the making of a lease by which the plaintiff hired from the defendants certain premises for a specified time at stated rentals, and it alleges that in the lease the defendants covenanted that the plaintiff '' should peaceably and quietly occupy and enjoy the premises aforesaid.'' Then follow the allegations that plaintiff has not been permitted peaceably to occupy and enjoy the possession of the premises, but on the contrary after the commencement of the term and on the dates stated '' the defendants unlawfully and without authority in law and with force, entered upon the same and ejected this plaintiff therefrom and have ever since kept him out of possession.'' By these acts the plaintiff alleges he was damaged.

An action of covenant lies against the covenator himself, based upon his own acts. *Sedgwick* v. *Hollenback,* 7 Johns. 376, 380. And the breach being by the covenantor is sufficiently alleged by negativing the covenant. Rawle Cov. § 155; *Abbott* v. *Allen,* 14 Johns. 248, 252; *Woolley* v. *Newcombe,* 87 N. Y. 605; *Brown* v. *Stebbins,* 4 Hill, 154.

The remaining question is whether the complaint is good without an allegation of performance by the plaintiff of the terms of the lease, that is, of the payment of the rent called for. The complaint contains no such allegation. Whether the plaintiff must allege and prove performance of his part of the agreement depends upon whether the defendants' covenant is

independent of the plaintiff's, or is dependent upon it. And this question is to be determined and controlled by the intent of the parties. *Rosenthal Paper Co.* v. *National Folding Box & Paper Co.*, 226 N. Y. 313, 320. The complaint does not set forth the lease nor is a copy of it attached. The substance of the allegations is set forth above. From the complaint it is impossible to tell what the intent of the parties was. There is nothing to show that the defendants' covenant of quiet enjoyment was dependent upon the plaintiff's payment of rent. And upon demurrer the presumption favors the sufficiency of the pleading attacked. Generally covenants are to be treated as independent rather than as in the nature of conditions precedent. Jones Landl. & Ten. § 233; McAdam Landl. & Ten. (4th ed.) § 122; 7 Wait Act. & Def. 354; *Pratt* v. *Gulick*, 13 Barb. 297, 300. If the plaintiff's covenant is not a condition precedent, the defendants' covenant is independent and the failure of the plaintiff to live up to his obligation is no answer to an action brought for a violation by the defendants of their covenant.

Such cases as have been called to the court's attention, or have been found by the court, support the holding that the payment of rent is not a condition precedent to the tenant's right to enforce the covenant of quiet enjoyment unless that is shown to be the plain intent of the parties and so performance by the tenant need not be pleaded. *Spencer* v. *Commercial Co.*, 30 Wash. 520; *Dawson* v. *Dyer*, 5 Barn. & Adol. 584; *Briant* v. *Pilcher*, 16 Com. B. (O. S.) 354; 3 Bates Pl., Pr., Part. & Forms, 1975.

Even if the lease contains a clause giving the landlord the right to re-enter upon non-payment of the rent, that does not mean he can do so by using force, for even under such a clause he cannot take the law into his own hands. Such a clause would give him the

right to re-enter provided he could do so without using force, or would give him the right to take action to recover possession. *Spencer* v. *Commercial Co.,* 30 Wash. 520, 525, *et seq.; Michaels* v. *Fishel,* 169 N. Y. 381, 389; *Cohen* v. *Carpenter,* 128 App. Div. 862; *Hoske* v. *Gentzlinger,* 87 Hun, 3. Forcible entry upon real property is prohibited by statute. Section 2233 of the Code of Civil Procedure provides: "An entry shall not be made into real property, but in a case where entry is given by law; and, in such a case, only in a peaceable manner, not with strong hand, nor with multitude of people. * * * " And such an entry by force, except in the cases and manner allowed by law, is a misdemeanor. Penal Law, § 2034.

In the cases cited by defendant (*Meyer* v. *Schulte,* 160 App. Div. 236, and *Baitzel* v. *Rhinelander,* 179 id. 735) the court found as a fact that the covenant of quiet enjoyment was dependent upon the performance by the tenant of his covenant to pay rent and so of course held that it was necessary for the tenant to plead and prove performance on his part in order to hold the landlord for the violation of his covenant.

Demurrer overruled, with ten dollars costs.